IN the INTEREST OF T.R.B., alleged to be delinquent child under 18 years:

T.R.B., Appellant,

v.

STATE of Wisconsin, Respondent.†

Court of Appeals

*No. 81–1052. Submitted on briefs September 28, 1981.— Decided November 11, 1981.*
(Also reported in 313 N.W.2d 850.)

† Petition to review granted. DAY, J., took no part.

For the appellant the cause was submitted on the brief of *Gerald L. LaBarge* and *Thomas J. St. Ville* of *Jastroch & LaBarge, S.C.* of Waukesha.

For the respondent the cause was submitted on the brief of *Thomas J. McClure,* assistant district attorney, for Washington county.

Before Voss, P.J., Brown and Scott, JJ.

VOSS, P.J. T.R.B., a juvenile, appeals from an order waiving jurisdiction over him from juvenile court to criminal court. At issue is whether the juvenile court must take testimony on the waiver issue even though the juvenile, through his attorney, does not wish to contest the waiver. Section 48.18(5), Stats., requires the district attorney to present testimony on the issue of waiver to adult court. Because the District Attorney did not do

this, this court reverses and remands for a complete waiver hearing.

The facts of this case are undisputed. In April of 1981, the Washington County District Attorney petitioned the juvenile court under secs. 48.12 and 48.255, Stats., to have T.R.B. declared a delinquent child. The District Attorney also filed a petition under sec. 48.18, Stats., requesting that the Washington county juvenile court waive jurisdiction to criminal court in Waukesha county. The court appointed counsel for T.R.B., and this counsel was given proper notice pursuant to sec. 48.18 (3), Stats.

At the waiver hearing, T.R.B.'s attorney stated that T.R.B. did not wish to contest the juvenile court's waiver of jurisdiction. T.R.B. said nothing. The court made a finding of prosecutive merit as required by sec. 48.18(4), Stats., and entered an order waiving jurisdiction.[1] It did not receive testimony on the waiver issue as required by sec. 48.18(5), Stats., because T.R.B.'s attorney had stated that T.R.B. did not wish to contest the issue.[2]

---

[1] Section 48.18(4), Stats., reads: "The judge shall determine whether the matter has prosecutive merit before proceeding to determine if it should waive its jurisdiction."

[2] Section 48.18(5), Stats., reads:

(5) If prosecutive merit is found, the judge, after taking relevant testimony which the district attorney shall present and considering other relevant evidence, shall base its decision whether to waive jurisdiction on the following criteria:

(a) The personality and prior record of the child, including whether the child is mentally ill or developmentally disabled, whether the child has been previously found delinquent, whether such delinquency involved the infliction of serious bodily injury, the child's motives and attitudes, the child's physical and mental maturity, the child's pattern of living, prior offenses, prior treatment history and apparent potential for responding to future treatment.

(b) The type and seriousness of the offense, including whether it was against persons or property, the extent to which it was

On appeal, T.R.B. raises two issues. First, he argues that the juvenile court must make a record which indicates that the juvenile, personally, made a knowing, voluntary and intelligent relinquishment of his right to a waiver hearing. Second, T.R.B. argues that even if he relinquished his right to a waiver hearing, the juvenile court did not receive sufficient evidence to establish prosecutive merit and waiver.

## SUFFICIENCY OF THE EVIDENCE
## AT THE WAIVER PROCEEDING

### A.   Prosecutive Merit

The language of secs. 48.18(4) and 48.18(5), Stats., requires that a waiver hearing consist of two stages. In the first stage, the court must determine if the matter before the court has prosecutive merit. In the second stage, the court must consider various criteria to determine if jurisdiction should be waived to adult criminal

committed in a violent, aggressive, premeditated or wilful manner, and its prosecutive merit.

(c) The adequacy and suitability of facilities, services and procedures available for treatment of the child and protection of the public within the juvenile justice system, and, where applicable, the mental health system.

(d) The desirability of trial and disposition of the entire offense in one court if the juvenile was allegedly associated in the offense with persons who will be charged with a crime in circuit court.

(6) After considering the criteria under sub. (5), the judge shall state his or her finding with respect to the criteria on the record, and, if the judge determines on the record that it is established by clear and convincing evidence that it would be contrary to the best interests of the child or of the public to hear the case, the judge shall enter an order waiving jurisdiction and referring the matter to the district attorney for appropriate criminal proceedings in the circuit court, and the circuit court thereafter has exclusive jurisdiction.

court. The language of secs. 48.18(4) and 48.18(5), Stats., places different minimum procedural requirements on each stage.

T.R.B. argues that the juvenile court cannot make a finding of prosecutive merit on the basis of the petition alone. In *Interest of D.E.D.*, 101 Wis. 2d 193, 205 n. 5, 304 N.W.2d 133, 139 (Ct. App. 1981), this court indicated that this specific issue would be left undecided. This court reaches that issue for the first time in this case.

In *D.E.D.*, this court held that "a matter has prosecutive merit under sec. 48.18(4), Stats., if the evidence submitted to the juvenile court indicates that the charges against the juvenile are not merely capricious and that, assuming the juvenile were an adult, further criminal proceedings would be justified." *Id.* at 205, 304 N.W.2d at 139. The only requirement for the use of evidence to support a finding of prosecutive merit is that the evidence be trustworthy. *In Interest of D.H.*, 76 Wis. 2d 286, 301, 251 N.W.2d 196, 204 (1977). Nothing directs the court to take testimony. Consequently, the language of the statute indicates that the petition may provide enough evidence to support a finding of prosecutive merit in a situation such as this where the juvenile does not contest the prosecutive merit issue.

### B. Waiver

T.R.B. also argues that the juvenile court could not base its decision to waive jurisdiction to adult criminal court solely on the basis of the waiver petition. He contends that sec. 48.18(5), Stats., requires the district attorney to present and the trial court to take testimony regarding waiver. This court agrees.

This same issue came before the Wisconsin Supreme Court in *State ex rel. T.D.D. v. Racine County Circuit Court,* 91 Wis. 2d 231, 240–41, 280 N.W.2d 264, 269 (1979). In that case, the supreme court determined that the petition alone provided sufficient evidence to support waiver. However, the supreme court made the decision under a different version of sec. 48.18(5), Stats., from what presently exists. The statute formerly read: "If prosecutive merit is found, the judge, after taking relevant testimony and considering other relevant evidence, shall base its decision whether to waive jurisdiction on the following criteria . . . ." Sec. 48.18(5), Stats. (1977). The supreme court held that under the then existing statute, the juvenile court was not required to take testimony on the waiver issue. Additionally, the supreme court held that the statute would only require the court to take testimony if it read: "If prosecutive merit is found, the judge, after taking relevant testimony *which the prosecution must present* and considering other relevant evidence, shall base its decision to waive jurisdiction on the following criteria . . . ." *Id.* at 239, 280 N.W.2d at 268 (emphasis in original).

Following the decision in *T.D.D.,* the legislature amended sec. 48.18(5), Stats., to read: "If prosecutive merit is found, the judge, after taking relevant evidence *which the district attorney shall present* and considering other relevant evidence, shall base its decision to waive jurisdiction on the following criteria . . . ." (Emphasis added.) This clause, though slightly different from the one suggested in *T.D.D.,* requires the court to take and the district attorney to present testimony on the issue of waiver to adult court. The predetermined choice by the juvenile to relinquish his right to contest the testimony does not alter that requirement in a waiver hearing that it be presented. The specific findings which the judge

is required to make by sec. 48.18(5), Stats., must be based in part on the testimony presented.

This interpretation of sec. 48.18(5), Stats., is consistent with the interpretation of other statutes mandating what the court must do when a defendant does not contest stages of a criminal proceeding. Under sec. 971.06, Stats., a defendant may enter a plea of guilty or no contest to a criminal offense. Nevertheless, sec. 971.08(1) (b), Stats., still *requires* the court to make "such inquiry that satisfies it that the defendant in fact committed the crime charged." The court must make inquiry even though the defendant does not raise issue in the action. *Ernst v. State,* 43 Wis. 2d 661, 170 N.W.2d 713 (1969). Like sec. 48.18(5), Stats., the defendant's failure to contest the action before the court, does not alter the court's requirement to meet its statutory duty.

Other statutes allow waiver of a right by the defendant to end inquiry for that stage of the proceeding. For example, sec. 971.02(1), Stats., gives the defendant in a felony case the right to a preliminary hearing. However, it allows the defendant to waive the entire proceeding. When such a waiver is made, nothing in the statute directs the court to take additional evidence or testimony.

The language of sec. 48.18, Stats., does not indicate, or even suggest, that any independent action of the juvenile choosing not to contest waiver extinguishes the requirement of a waiver hearing. The legislature had the power to allow the juvenile to waive his right to a waiver hearing as it did with preliminary hearings, but it did not choose to exercise it. Since the legislature has demonstrated that it knows how to establish different provisions in a waiver proceeding when it desires, the conclusion is that it did not intend to provide for waiver of the necessity to take some testimony in support of waiver.

This, combined with the recent change requiring the district attorney to present testimony after *T.D.D.* held

to the contrary, evinces the legislative intent that a waiver hearing must take place. At that hearing, the court is required to hear testimony, and the district attorney is required to present it.

## REQUIREMENT OF A KNOWING, VOLUNTARY AND INTELLIGENT WAIVER

T.R.B. contends that a juvenile's right to a waiver hearing is of great magnitude. Consequently, he argues that if the right is relinquished, the record must indicate the juvenile did so knowingly, intelligently and voluntarily. Because of this court's holding on the previous issue, this issue is moot.

The juvenile may relinquish his right to contest evidence and testimony offered to prove prosecutive merit or waiver. However, no action on his part can negate the requirement of holding a hearing on the waiver issue. A waiver hearing is critically important to the juvenile. *Gibson v. State,* 47 Wis. 2d 810, 815, 177 N.W.2d 912, 914 (1970) ; *Kent v. United States,* 383 U.S. 541, 556 (1966). Nothing alleviates the requirement that it be held.

This court reverses and remands this case to the Washington county juvenile court. On remand, this court directs that the juvenile court hold a hearing on the waiver issue at which the juvenile has the right to contest the evidence and testimony introduced by the State.

*By the Court.*—Order reversed and cause remanded with directions.