IN the INTEREST OF D.E.D., an alleged delinquent person 16–18 years of age:

D.E.D., Petitioner-Appellant,†

v.

STATE of Wisconsin, Respondent.

Court of Appeals

*No. 80–1162. Submitted on briefs November 26, 1980.— Decided February 6, 1981.*
(Also reported in 304 N.W.2d 133.)

† Petition to review denied.

For the petitioner-appellant the cause was submitted on the brief of *John J. Carter* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Sally L. Wellman,* assistant attorney general.

Before Voss, P.J., Brown and Scott, JJ.

SCOTT, J. D.E.D. is a minor who attacks an order waiving juvenile court jurisdiction over him. He argues that the juvenile court was required to hold an evidentiary hearing on his motion to suppress his confession and certain physical evidence before determining whether the State's case against him had prosecutive merit. He also argues that the written confessions of a co-actor were unreliable and, therefore, erroneously introduced to show that the State's case had prosecutive merit. Finally, he attacks the sufficiency of the evidence to sustain the juvenile court's findings of prosecutive merit and waiver. We affirm.

On May 10, 1980, the State filed a petition alleging D.E.D.'s delinquency. The State charged D.E.D. with first-degree murder, party to a crime. The State alleged that D.E.D. and one Gary Luty drove the victim, Rodney Miles, to a rural area and that either D.E.D. or Luty

shot Miles using D.E.D.'s father's gun and Luty's ammunition and then burned the body.

Attached to the delinquency petition was a petition for waiver of juvenile court jurisdiction pursuant to sec. 48.18, Stats.,[1] and written confessions of D.E.D. and

[1] Section 48.18, Stats., provides:

48.18 Jurisdiction for criminal proceedings for children 16 or older; waiver hearing

(1) If a child is alleged to have violated a state criminal law on or after his or her 16th birthday, the child or district attorney may apply to the court to waive its jurisdiction under this chapter. The judge may initiate a petition for waiver if the judge disqualifies himself or herself from any future proceedings on the case.

(2) The waiver hearing shall be brought on by filing a petition alleging delinquency drafted under s. 48.255 and a petition for waiver of jurisdiction which shall contain a brief statement of the facts supporting the request for waiver. The petition for waiver of jurisdiction shall be filed prior to the plea hearing.

(3) (a) The child shall be represented by counsel at the waiver hearing. Written notice of the time, place and purpose of the hearing shall be given to the child, any parent, guardian or legal custodian, and counsel at least 3 days prior to the hearing. The notice shall contain a statement of the requirements of s. 48.29 (2) with regard to substitution of the judge. Where parents entitled to notice have the same address, notice to one constitutes notice to the other. Counsel for the child shall have access to the social records and other reports consistent with s. 48.293.

(b) The child has the right to present testimony on his or her own behalf including expert testimony and has the right to cross-examine witnesses at the hearing.

(c) The child does not have the right to a jury at a hearing under this section.

(4) The judge shall determine whether the matter has prosecutive merit before proceeding to determine if it should waive its jurisdiction.

(5) If prosecutive merit is found, the judge, after taking relevant testimony which the district attorney shall present and considering other relevant evidence, shall base its decision whether to waive jurisdiction on the following criteria:

(a) The personality and prior record of the child, including

Luty given to law enforcement authorities. Each confession alleged that the other person had actually done the shooting but admitted that the confessor had been a party to the crime.

On June 6, D.E.D. moved to suppress the confessions and certain physical evidence. The trial court denied the motions on the ground they were premature.

On June 6 and 7, a waiver hearing was conducted pursuant to sec. 48.18, Stats. In addition to the delinquency

---

whether the child is mentally ill or developmentally disabled, whether the child has been previously found delinquent, whether such delinquency involved the infliction of serious bodily injury, the child's motives and attitudes, the child's physical and mental maturity, the child's pattern of living, prior offenses, prior treatment history and apparent potential for responding to future treatment.

(b) The type and seriousness of the offense, including whether it was against persons or property, the extent to which it was committed in a violent, aggressive, premeditated or wilful manner, and its prosecutive merit.

(c) The adequacy and suitability of facilities, services and procedures available for treatment of the child and protection of the public within the juvenile justice system, and, where applicable, the mental health system.

(d) The desirability of trial and disposition of the entire offense in one court if the juvenile was allegedly associated in the offense with persons who will be charged with a crime in circuit court.

(6) After considering the criteria under sub. (5), the judge shall state his or her finding with respect to the criteria on the record, and, if the judge determines on the record that it is established by clear and convincing evidence that it would be contrary to the best interests of the child or of the public to hear the case, the judge shall enter an order waiving jurisdiction and referring the matter to the district attorney for appropriate criminal proceedings in the circuit court, and the circuit court thereafter has exclusive jurisdiction.

(8) When waiver is granted, the child, if held in secure custody, shall be transferred to an appropriate officer or adult facility and shall be eligible for bail in accordance with chs. 968 and 969.

petition with the confessions attached, the State presented evidence to show that its case against D.E.D. had prosecutive merit. The waiver proceeding was scheduled to be continued on June 18.

On June 16, D.E.D. submitted an affidavit containing the conclusory allegations that he had not voluntarily given his confession to the police and that he had not knowingly waived his *Miranda* rights or consented to any search for physical evidence.

On June 18, the juvenile court found, pursuant to sec. 48.18(4), Stats., that the matter had prosecutive merit. Subsequently, after presentation of evidence by the State, the court ruled that under the criteria set forth in sec. 48.18(5), Stats., the State had shown by clear and convincing evidence that it would be contrary to the best interests of the child and the public to retain the case in juvenile court and ordered jurisdiction waived.

D.E.D. petitioned this court for leave to appeal the juvenile waiver order and petitioned for a three-judge panel. The petition for a three-judge panel was granted, and we ordered both parties to file briefs on the merits of the issues pertaining to waiver.

Before reaching D.E.D.'s arguments on appeal, we must decide whether leave to appeal the nonfinal order should be granted. The Wisconsin Supreme Court has stated:

Given the significance of a waiver of juvenile jurisdiction orders, we urge that the court of appeals, in the exercise of its discretion, give careful consideration to the merits presented by appeals from such orders. Review will often be necessary to protect the minor from "substantial or irreparable injury" . . . .

*State ex rel. A.E. v. Circuit Court for Green Lake County*, 94 Wis.2d 98, 105d, 292 N.W.2d 114, 115 (1980) (on motion for reconsideration).

In the present case, we grant leave because the appeal clarifies issues of general importance in the administration of juvenile justice.

## SUPPRESSION OF EVIDENCE INTRODUCED TO SHOW PROSECUTIVE MERIT

### A. D.E.D.'s Confession and Physical Evidence

Section 48.18(4), Stats., provides that after a delinquency petition and a waiver petition have been filed, the juvenile judge "shall determine whether the matter has prosecutive merit before proceeding to determine if it should waive its jurisdiction."

Our supreme court has held that the facts and circumstances to support a juvenile court's decision to waive "must be developed from reliable sources of information." *In Interest of D.H.,* 76 Wis.2d 286, 303, 251 N.W. 2d 196, 205 (1977).

Relying on *D.H.,* D.E.D. argues that upon a juvenile's request, a juvenile court must hold an evidentiary hearing to determine the reliability of evidence prior to determining whether prosecutive merit exists. We agree with D.E.D. that the juvenile court must evaluate the reliability of certain evidence upon the juvenile's request, but we disagree that the juvenile court must always hold a separate evidentiary hearing or that the court should have held such an evidentiary hearing in the present case. We believe that the procedure used to evaluate the reliability should be left to the sound discretion of the court.

According to *D.H.,* the juvenile court can base its prosecutive merit finding and its waiver decision only upon reliable evidence. Reliable means trustworthy or worthy of confidence. Black's Law Dictionary 1160 (5th

ed. 1979). "The trial judge should require that the information considered by him [or her] be trustworthy, and the judge should allow the juvenile a reasonable opportunity to demonstrate that information before him [or her] is inaccurate, unreliable, or the product of bias or animosity on the part of other persons." *Id.* at 301, 251 N.W.2d at 204.

In the present case, D.E.D. never asked the juvenile court to hold an evidentiary hearing on the reliability of any evidence. The record shows that he moved the juvenile court to suppress his written confession and certain physical evidence on the ground that this evidence would be *inadmissible at trial.* D.E.D. argued that if this evidence were inadmissible at trial, the State's case against him would have no prosecutive merit. This is very different from asking for a determination of the *reliability* of evidence to be used to support a finding of prosecutive merit in a *waiver proceeding.*

At a waiver hearing, neither common law nor statutory rules of evidence are binding. Sec. 48.299(4)(b), Stats.[2] Under *D.H.,* the only requirement for the use of evidence to support a finding of prosecutive merit or a

---

[2] Section 48.299(4)(b), Stats., provides:

(b) Neither common law nor statutory rules of evidence are binding at a waiver hearing under s. 48.18, a hearing for a child held in custody under s. 48.21, a runaway home hearing under s. 48.227(4), a dispositional hearing, or a hearing about changes in placement, revision of dispositional orders or extension of dispositional orders. At those hearings, the court shall admit all testimony having reasonable probative value, but shall exclude immaterial, irrelevant or unduly repetitious testimony. Hearsay evidence may be admitted if it has demonstrable circumstantial guarrantees of trustworthiness. The court shall give effect to the rules of privilege recognized by law. The court shall apply the basic principles of relevancy, materiality and probative value to proof of all questions of fact. Objections to evidentiary offers and offers of proof of evidence not admitted may be made and shall be noted in the record.

decision to waive jurisdiction is that the evidence be reliable.[3] In contrast, admissibility at trial involves application of the rules of evidence and constitutional restrictions.

In the present case, the juvenile court denied D.E.D.'s motions to suppress on the ground they were premature. The juvenile court was correct. In felony actions, motions to suppress are premature unless made after the information has been filed. Sec. 971.31(5), Stats. After the juvenile court has waived jurisdiction over him and an information has been filed, D.E.D. may then move

[3] Of course, the juvenile court's determination that certain evidence is or is not reliable for purposes of its use at the waiver hearing is not binding on the trial court for purposes of its admissibility at trial, assuming the juvenile court has waived jurisdiction. The waiver hearing is merely a jurisdictional hearing and is not an adjudication of the juvenile's guilt.

Note that illegally seized physical evidence or a statement obtained in violation of *Miranda* requirements may be reliable. In contrast, a statement that was given involuntarily is unreliable. "Involuntary confessions are rejected, not because of the illegal or deceitful methods which may have been employed in securing them, but because they are testimonially unreliable and untrustworthy." 23 C.J.S. *Criminal Law* §817(2)(a), pp. 164–65 (1961); Wis J I—Criminal SM–60, p. 3.

In deciding whether prosecutive merit exists and whether to waive jurisdiction, the juvenile court may consider reliable evidence which is allegedly illegally obtained but may not consider evidence which is demonstrably unreliable, such as a statement given to police or others under circumstances indicating it was given involuntarily. Sec. 48.299(4)(b), Stats.; *In Interest of D. H.*, 76 Wis.2d at 301, 251 N.W.2d at 204.

We believe the juvenile court's consideration of trustworthy information that is allegedly illegally obtained does not violate the juvenile's constitutional rights. In *Kent v. U. S.*, the United States Supreme Court concluded that the United States Constitution does not require a juvenile jurisdiction waiver hearing to "conform with all of the requirements of a criminal trial or even of the usual administrative hearing." 383 U.S. 541, 562 (1966).

the trial court to suppress evidence. Motions to suppress evidence on the ground of inadmissibility at trial are premature when brought before a juvenile jurisdiction waiver hearing.

The objection to the reliability of the evidence is made for the first time on appeal. Our review is thus limited to an examination of the record made in the trial court. The record clearly demonstrates the inherent reliability of the evidence presented to the court. The confession contained a written waiver of D.E.D.'s *Miranda* rights and the following statements:

I am not presently under the influence of alcohol or drugs. I have (read) (and) had read to me by Detective George Gillett who has identified himself as a Deputy of the Racine County Sheriff's Department, my rights shown above, numbered 1 through 5, which I fully understand. Having these rights in mind, I am willing to answer your questions and make a statement. I do not wish to have a lawyer at this time. I knowingly and expressly waive my right to have a lawyer present while I make the following statement. No promises, threats or pressures of any kind have been used against me to give this statement.

With the exception of D.E.D.'s statement that Luty did the shooting, the content of D.E.D.'s confession was substantially corroborated by co-actor Luty's written confessions. The content of D.E.D.'s confession was also corroborated by the physical evidence and by the witnesses who testified in the prosecutive merit phase of the waiver hearing. Further, D.E.D.'s confession implicated him as a party to the crime of murder.

We conclude that the juvenile court did not err in failing to hold an evidentiary hearing and in basing its finding of prosecutive merit in part upon D.E.D.'s written confession. The court was also entitled to base

its finding upon the physical evidence, for such evidence is inherently reliable, unless tampered with.

## B.   Hearsay Evidence

D.E.D. also argues that the juvenile court abused its discretion by allowing the State to introduce co-actor Luty's two written confessions at the waiver hearing. Luty's confessions were hearsay evidence when introduced at the hearing.   D.E.D. argues that the record fails to show the circumstantial guarantees of trustworthiness of this hearsay evidence necessary for its admittance at the waiver hearing.   We disagree.

Section 48.299 (4) (b), Stats., provides that at a waiver hearing, hearsay evidence "may be admitted if it has demonstrable circumstantial guarantees of trustworthiness."

The record shows that Luty made his first written statement, the one attached to the State's delinquency petition, on May 9, 1980 at the West Allis Police Department, where Luty was held in custody on a charge unrelated to the Miles shooting.   The second statement, which differed in no material respect from the first, was made on May 11, 1980 at the Racine County Jail.   Each statement contained the following sentence: "No promises, threats or pressures of any kind have been used against me to give this statement."   Detective Greco testified at the waiver hearing that his May 9 interview with Luty, at which he witnessed Luty's signature of the statement, lasted only thirty minutes.   He further testified that only two detectives, including himself, performed the questioning.   He testified that Luty appeared to be calm and in full command of his faculties and that Luty was very cooperative.   The record shows Luty was twenty-one years old and that his statement was consistent with facts obtained from other

sources. Finally, as the juvenile court found, the content of Luty's statements would certainly implicate him in a crime, namely, party to the crime of first-degree murder. We believe the record contains sufficient circumstantial guarantees of the trustworthiness of Luty's statements. Accordingly, we hold that the trial court did not abuse its discretion in permitting the State to use Luty's statements at the waiver hearing.

## SUFFICIENCY OF EVIDENCE
## OF PROSECUTIVE MERIT

D.E.D. argues that the evidence adduced in the prosecutive merit phase of the waiver hearing was insufficient to support the juvenile court's finding that prosecutive merit existed. We disagree.

Section 48.18(4), Stats., provides that the juvenile court "shall determine whether the matter has prosecutive merit before proceeding to determine if it should waive its jurisdiction." What our legislature meant by the term "prosecutive merit" has not heretofore been explained.[4]

---

[4] The term "prosecutive merit" originated in a policy memorandum promulgated by the judge of the juvenile court of the District of Columbia on November 30, 1959 to set forth the criteria to govern disposition of waiver requests. One of the criteria was: "The prosecutive merit of the complaint, i.e., whether there is evidence upon which a Grand Jury may be expected to return an indictment (to be determined by consultation with the United States Attorney.)" The policy memorandum was appended to the United States Supreme Court's opinion in *Kent v. U. S.*, 383 U.S. 541, 565–68 (1966). The basic holding of *Kent*, that the juvenile jurisdiction waiver proceeding need not "conform with all of the requirements of a criminal trial or even of the usual administrative hearing," but "must measure up to the essentials of due process and fair treatment," *Id.* at 562, has been adopted by the Wisconsin Supreme Court. *Winburn v. State*, 32 Wis.2d 152, 161, 145 N.W.2d 178, 182 (1966).

■

We believe a matter has prosecutive merit under sec. 48.18 (4), Stats., if the evidence submitted to the juvenile court indicates that the charges against the juvenile are not merely capricious and that, assuming the juvenile were an adult, further criminal proceedings would be justified.

■

We conclude there was sufficient evidence, including the written confessions of D.E.D. and Luty, submitted to the juvenile court in the first phase of the waiver proceeding to support the court's finding of prosecutive merit.[5]

## SUFFICIENCY OF EVIDENCE TO SUPPORT WAIVER

D.E.D.'s last argument is that the evidence submitted in the second phase of the waiver proceeding was insufficient to support the juvenile court's decision to waive jurisdiction. He argues that the decision was improperly based, in part, on evidence that was submitted in the first or prosecutive merit phase of the waiver proceeding.

■

Section 48.18 (5), Stats., provides that if prosecutive merit is found, the juvenile court "after taking relevant testimony which the district attorney shall present and considering other relevant evidence, shall base its decision whether to waive jurisdiction on the following criteria." The statute does not require that evidence sub-

---

[5] We do not reach the question of whether a prosecutor can rely merely on the delinquency and waiver petitions to show prosecutive merit without presenting additional supportive evidence. In the present case, the district attorney submitted evidence in addition to the petitions.

mitted in the first phase of the waiver proceeding be resubmitted in the second phase. The statute provides for a single hearing with a sequential order of proof before the same judge. To require resubmission of the same evidence would be absurd and contrary to sec. 48.299(4)(b), Stats., which directs that the court "shall exclude . . . unduly repetitious testimony."

We hold that the juvenile court's waiver decision was sufficiently supported by evidence adduced in both phases of the waiver proceeding.

*By the Court.*—Order affirmed.