IN the INTEREST OF J.G., alleged delinquent
child under the age of 18:
J.G., Petitioner,

**V.**

STATE of Wisconsin, Respondent.†

Court of Appeals

*No. 83–266. Submitted on briefs June 1, 1983.—*
*Decided July 11, 1983.*
(Also reported in 338 N.W.2d 508.)

---

For the defendant-appellant the cause was submitted on the briefs of *Brennan & Collins,* with *Thomas L. Miller* of counsel, of Milwaukee.

For the respondent the cause was submitted on the briefs of *E. Michael McCann,* district attorney, with *Lindsey D. Draper,* assistant district attorney of counsel, of Milwaukee.

Before Wedemeyer, P. J., Decker and Moser, JJ.[1]

WEDEMEYER, P.J. J.G. appeals from a nonfinal order of the circuit court waiving juvenile jurisdiction. J.G.'s petition for leave to appeal was granted by this court in an order dated February 15, 1983. J.G. claims that the trial court misused its discretion[2] by finding

*Superior Court,* 104 Cal. Rptr. 643 (Cal. App. 1972), *vacated* 513 P.2d 611 (Cal. 1973) (magistrate cannot authorize no-knock warrant).

[1] Pursuant to Sec. 752.31(3), Stats., a motion that the appeal be decided by a three-judge panel was granted by order dated June 16, 1983.

[2] *In re D.E.D.,* 101 Wis. 2d 193, 199, 304 N.W.2d 133, 137 (Ct. App. 1981).

prosecutive merit[3] in a juvenile waiver hearing solely on the basis of the petitions of delinquency and waiver. We agree, and therefore reverse the order of the trial court with directions to order a hearing on the reliability of the evidence listed in the petitions.

A trial court may waive juvenile jurisdiction if a child is alleged to have violated a state criminal law on or after his sixteenth birthday, sec. 48.18(1), Stats., the matter is shown to have prosecutive merit, sec. 48.18(4), and it is established by clear and convincing evidence that it is contrary to the best interests of the child or the public for the trial court to hear the case, sec. 48.18(16).

J.G.'s contention is that the trial court misused its discretion in making its determination that the matter had prosecutive merit solely on the allegations in the petitions for delinquency. J.G. claims that those allegations consisted mainly of coerced statements made by J.G. during interrogation. J.G. claims that these statements are unreliable because they were involuntarily given, and that the trial court should have ordered a hearing to test the reliability of these statements before determining whether the matter had prosecutive merit.

In *In re D.E.D.*, 101 Wis. 2d 193, 200–01, 304 N.W.2d 133, 137 (Ct. App. 1981), this court stated: "Under *D.H.* [*In re D.H.*, 76 Wis. 2d 286, 303, 251 N.W.2d 196, 205 (1977)], the only requirement for the use of evidence to support a finding of prosecutive merit or a decision to waive jurisdiction is that the evidence be reliable." [Footnote omitted.] This court also stated that "[i]n deciding whether prosecutive merit exists and whether to waive jurisdiction, the juvenile court may consider reliable evidence which is allegedly illegally obtained but

---

[3] Section 48.18(4), Stats., states: "The judge shall determine whether the matter has prosecutive merit before proceeding to determine if it should waive its jurisdiction."

may not consider evidence which is demonstrably unreliable, such as a statement given to police or others under circumstances indicating it was given involuntarily." *Id.* at 201 n. 3, 304 N.W.2d at 137 n. 3 [Citations omitted.]

The trial court was presented with three petitions[4] for delinquency at the waiver hearing. The first petition, dated January 13, 1983, accused J.G. of two counts of attempted second degree sexual assault, contrary to secs. 940.225(2) and 939.32, Stats.; two counts of operating a motor vehicle without the consent of the owner, contrary to sec. 943.23(1); one count of entering a dwelling with intent to steal, contrary to sec. 943.10(1)(a); one count of theft of property by use of force, contrary to sec. 943.32(1); and, one count of attempted theft by use of force, contrary to secs. 943.32(1)(a) and 939.32. It is stated in the first petition that J.G. confessed to these crimes immediately after his arrest on Thursday, January 6, 1983. The basis for the petition is J.G.'s confessions to these crimes. The second petition, dated January 17, 1983, accuses J.G. of first degree murder, contrary to sec. 940.01(1), Stats., and of arson, contrary to sec. 943.02(1)(a). This petition is also based on a confession J.G. made on Sunday, January 16, 1983.[5] The last petition, dated February 9, 1983, amended a petition dated January 7, 1983. The February 9 petition accused J.G. of three counts of first degree sexual assault by use of force, contrary to sec. 940.225(1)(b), Stats.; one count

[4] A fourth petition, dated December 13, 1982, was apparently not used at J.G.'s waiver hearing. This petition, in any event does not rely on statements made by J.G. to police officers, so would not require a hearing.

[5] J.G. claims that he was called out of Sunday morning church services for questioning before 9:00 a.m. J.G. also calls attention to the fact that he had been in custody for ten days before he was questioned, and that neither his counsel nor his parents were informed that J.G. was to be questioned.

of unlawful entry, contrary to sec. 943.10(1)(a); and, one count of operating a motor vehicle without the consent of the owner, contrary to sec. 943.23(1). This petition is also based on a confession by J.G.[6]

There is no claim by J.G. that he was not told his constitutional rights. J.G. claims that the petitions are wholly based on unreliable evidence, that is, his statements made to police officers admitting that he committed the above crimes. The evidence in the petitions consists almost entirely of J.G.'s admissions. The only evidence linking J.G. to these crimes, other than his confessions, are statements of the victims that a "black male" was the perpetrator.

In *In re T.R.B.*, 109 Wis. 2d 179, 193–94, 325 N.W.2d 329, 336 (1982), our supreme court stated:

> After considering the language of sec. 48.18(4) and sec. 48.18(5), the legislative history of sec. 48.18(4), and the rules of evidence set forth in sec. 48.299(4)(b), Stats. 1979–80, we conclude that if waiver is not contested the legislature did not intend to require the juvenile court to take testimony or to consider evidence, other than the petitions, to determine whether the matter has prosecutive merit under sec. 48.18(4). We emphasize that we do not hold that the juvenile court need never take testimony or consider evidence other than the petitions and may always make a finding of prosecutive merit under sec. 48.18(4) based only on the petitions for delinquency and waiver. We hold only that a finding of prosecutive merit based on the petitions is proper in those cases in which the district attorney does not seek to submit relevant testimony or relevant evidence, the petitions contain detailed information concerning the juvenile's alleged violation of state criminal law *and have demonstrable circumstantial guarantees of trustworthiness, and the issue of prosecutive merit is not contested. We are*

---

[6] The date of this confession is not noted, but since the petition based on this confession originally filed on January 7, 1983, we believe it may fairly be assumed that J.G. confessed to these crimes on January 6, 1983.

*not presented with, and we do not decide, the question of whether the state must submit relevant testimony or relevant evidence other than the petitions if the issue of prosecutive merit is contested.* [Emphasis added.]

In the instant case, J.G. is contesting the issue of prosecutive merit. J.G. contends that "demonstrable guarantees of trustworthiness" may not exist in this case. J.G. further notes that his confessions comprise the bulk of the evidence listed in the petitions. For these reasons, J.G. asks that we remand the cause for a hearing. In this case, where the evidence consists almost entirely of confessions, this court holds that a hearing to determine the reliability of these confessions must be held before the issue of prosecutive merit is determined. Otherwise, the mandate in *D.E.D., supra,* that a trial court may not consider unreliable evidence will go unheeded. We therefore hold that the trial court abused its discretion by determining prosecutive merit without a hearing. This court therefore reverses the order of the circuit court and remands the cause for a hearing on the reliability of the evidence before the issue of prosecutive merit is determined.

*By the Court.*—Order reversed and cause remanded with directions.