William James **MILLER**, Petitioner,

v.

**Donald L. QUATSOE, Warden, Wisconsin State Reformatory, Respondent.**

Civ. A. No. 70–C–454.

United States District Court,
E. D. Wisconsin.

Oct. 17, 1972.

Alan Marcuvitz, Milwaukee, Wis., for petitioner.

Robert D. Martinson, Asst. Atty. Gen., and E. Michael McCann, Dist. Atty., Milwaukee, Wis., for respondent.

## OPINION AND ORDER

REYNOLDS, Chief Judge.

This is a petition for writ of habeas corpus on the grounds that petitioner was tried for the crime of battery to a peace officer, Wis.Stats. § 940.205 as an adult in violation of his Fourteenth Amendment rights. A similar petition was presented to the Wisconsin Supreme Court, that court denying relief in an unpublished per curiam opinion. Since the bringing of this petition, petitioner has been unconditionally released from prison. It is clear, however, in light of permanent disabilities which attach to a criminal conviction in Wisconsin, that this petition is not moot. Carafas v. LaVallee, 391 U.S. 234, 88 S. Ct. 1556, 20 L.Ed.2d 554 (1968). I find that a writ of habeas corpus should issue unless respondent takes appropriate steps to make the conviction challenged herein valid.

On April 18, 1968, petitioner William James Miller was arrested for armed

robbery. As he was then age 17, being born on September 10, 1950, under Wisconsin law he came under juvenile court jurisdiction. This jurisdiction, however, was waived by the juvenile court, and upon trial in adult court he was found guilty and sentenced to an indeterminate term of not more then twelve years. Subsequently Mr. Miller challenged this conviction in this court, petitioning for a writ of habeas corpus. I granted this petition on the ground that he was denied certain constitutional rights in the juvenile waiver proceeding. Miller v. Quatsoe, 332 F.Supp. 1269 (E.D.Wis. 1971).

The instant petition arises out of an incident that took place subsequent to the improper juvenile waiver and while Miller was in jail awaiting trial for armed robbery. Specifically, on August 23, 1968, while incarcerated in the Milwaukee County Jail, Miller stabbed one of his jailers with a ball point pen. The juvenile authorities determined not to commence juvenile proceedings against Miller for this act but rather decided to defer prosecution for a few weeks until his eighteenth birthday so that he could be charged in adult court without a juvenile waiver proceeding. An adult warrant was issued on September 11, 1968, the day after petitioner's eighteenth birthday, and subsequently he was tried and found guilty of battery to a peace officer. Wis.Stats. § 940.205. Convicted, he was sentenced to a term of two years, a term which he has since served.

Under Wisconsin law " 'exclusive jurisdiction' is vested in the juvenile court over any child who is alleged to be delinquent because he has 'violated any state law' (sec. 48.12(1), Stats.). 'Child' is defined as a person under eighteen (sec. 48.02(3)). Only if juvenile jurisdiction is waived as provided in sec. 48.18 can a child charged with a crime against the state be prosecuted in an adult criminal court." Gibson v. State, 47 Wis.2d 810, 815, 177 N.W.2d 912, 914 (1970).

■ Waiver of a juvenile under Wis. Stats. § 48.18 is only effective with regard to the specific charge alleged, and a juvenile who has been waived over to adult court on one charge is not automatically waived over for trial on a later charge. Rather, waiver must be sought again for "A juvenile court can only waive its jurisdiction with respect to charges of delinquency that are actually before it." Id., at 817, 177 N.W.2d at 915.

■ The critical time under state law for determining whether a defendant is a "child" for purposes of juvenile court jurisdiction is the defendant's age at the time the criminal complaint is filed. Thus, a crime committed before the eighteenth birthday is properly before an adult court if the defendant is not charged until after his eighteenth birthday. State ex rel. Koopman v. Waukesha Co. Ct. Judges, 38 Wis.2d 492, 157 N.W.2d 623 (1968).

This case is essentially controlled by Miller v. Quatsoe, 332 F.Supp. 1269 (E.D.Wis.1971). In that case I concluded that when a state operates a dual criminal justice system with one set of procedures and penalities for juveniles and another for adults that constitutional safeguards attached to a determination that a juvenile offender should be treated as an adult. This conclusion was dictated by the substantial differences between juvenile and adult procedures and penalties and the important resulting interest of a juvenile in being treated as a juvenile rather than an adult.

In Miller v. Quatsoe state law provided the juvenile with a judicial hearing but denied him adequate notice or counsel. In the instant case state law apparently provides that state administrative authorities can make a final and controlling determination that a juvenile offender should be treated as an adult ex parte and without any hearing whatsoever. Recognizing that the constitution may not require that the state provide a bifurcated system so as to better provide for the juvenile offender, nevertheless it still remains that when the state chooses to establish such a system, that system must operate in a manner

commensurate with the Fourteenth Amendment's demands of due process and equal protection. In Miller v. Quatsoe, I found that due process required that before a final and controlling determination can be made that a juvenile should be treated as an adult, the juvenile must be provided with meaningful notice and counsel. Implicit in that decision was the finding that a juvenile is *constitutionally* entitled to a hearing, and I expressly find so today.

 Administrators of a state juvenile system may not manipulate administrative procedures so as to avoid state and constitutional procedural rights meant to protect juveniles. To do so is to deny the juvenile involved both due process and equal protection. Consequently, such action must fall no matter how well-intentioned. However, in accordance with my previous decision in Miller v. Quatsoe, the granting of the writ in this matter shall be stayed for thirty days to permit the state to take remedial action if it so desires.

In conclusion, it is important to note that I do not today pass upon that aspect of Wisconsin law which holds that juvenile court jurisdiction is determined by the offender's age at the time the criminal complaint is brought, nor do I suggest that anytime the bringing of a complaint is delayed, and this delay causes juvenile court jurisdiction to lapse, that the constitution is infringed. Rather, I hold only that when the filing of the complaint determines juvenile court jurisdiction, then this filing cannot be delayed *in order to avoid juvenile court jurisdiction* unless the juvenile is granted a hearing with the necessary constitutional safeguards.

It is therefore ordered that:

1. Petitioner's conviction of battery to a peace officer in the Circuit Court for Milwaukee County on March 12, 1969, be and it hereby is adjudged to be a nullity, and the respondent is directed to expunge it from the petitioner's records.

2. This order is stayed for a period of thirty days, pending which the State of Wisconsin may (a) appeal this order to the Seventh Circuit or (b) commence steps, if it deems it advisable, to render the conviction valid, which steps include the granting of leave to relitigate de novo the appropriateness of allowing petitioner to be tried as an adult and, if after such litigation it is determined that trial as an adult was appropriate, to reopen the judgment of conviction to present such new evidence as may be unearthed by reconsideration of the question of whether petitioner should have been tried as an adult which has a bearing as to petitioner's guilt.

3. If the State of Wisconsin commences steps to relitigate the decision to try petitioner as an adult, this order is stayed for an additional thirty days.

4. If it is found that it was inappropriate to try petitioner as an adult, or if it is found that at the present time it is impossible to determine whether or not such action was appropriate, this order shall no longer be stayed and will take effect immediately.