STATE, Respondent, v. BECKER, Appellant.

*No. 75–723–CR. Argued December 2, 1976.—*
*Decided December 14, 1976.*
(Also reported in 247 N. W. 2d 495.)

For the appellant the cause was argued by *Jack E. Schairer*, assistant state public defender, with whom on

the briefs was *Howard B. Eisenberg,* state public defender.

For the respondent the cause was argued by *Marguerite M. Moeller,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HEFFERNAN, J. The facts are not disputed. There was sufficient evidence to convict Darrell Becker of the unlawful delivery of amphetamines, contrary to sec. 161.41(1)(b), Stats., and the unlawful delivery of a counterfeit controlled substance, contrary to sec. 161.41 (2m).

The only question is whether the circuit court had jurisdiction, under the facts of this case, to try Becker when the delivery of the substances was made by Becker when he was seventeen years of age but the charge was brought after he attained the age of eighteen.

*State ex rel. Koopman v. Waukesha County Court Judges,* 38 Wis.2d 492, 157 N.W.2d 623 (1968), held that, under sec. 48.12, Stats., and sec. 48.02(3), a juvenile court has jurisdiction only when the defendant is under the age of eighteen when charged. That such is the accepted rule in Wisconsin is acknowledged by Becker's counsel, the State Public Defender.

The State Public Defender argues, however, that *Miller v. Quatsoe,* 348 F. Supp. 764 (E.D. Wis., 1972), is persuasive authority for the proposition that a child who has committed an offense while under the age of eighteen can only be charged in an adult criminal court when it is determined after a hearing that prosecution was initiated with due dispatch.

The following language of the United States District Court is relied upon:

"In conclusion, it is important to note that I do not today pass upon that aspect of Wisconsin law which holds that juvenile court jurisdiction is determined by

the offender's age at the time the criminal complaint is brought, nor do I suggest that anytime the bringing of a complaint is delayed, and this delay causes juvenile court jurisdiction to lapse, that the constitution is infringed. Rather, I hold only that when the filing of the complaint determines juvenile court jurisdiction, then this filing cannot be delayed *in order to avoid juvenile court jurisdiction* unless the juvenile is granted a hearing with the necessary constitutional safeguards." (at 766)

We have no quarrel with this language and agree that, where the filing is "delayed *in order to avoid juvenile court jurisdiction,*" the circuit court can maintain jurisdiction only after a due-process hearing.

We conclude that the hearing referred to in *Miller* is the hearing to determine whether the delay in charging was in fact occasioned by a deliberate effort to avoid juvenile court jurisdiction. The hearing referred to is not the "waiver" hearing which is required when the juvenile court has jurisdiction and it is desired to try the defendant as an adult. *Kent v. United States,* 383 U.S. 541 (1966) ; *In re Gault,* 387 U.S. 1 (1967).

In *Miller, supra,* the district court stated:

"Administrators of a state juvenile system may not manipulate administrative procedures so as to avoid state and constitutional procedural rights meant to protect juveniles." (at 766)

It is this manipulation of the system for the purpose of avoiding the juvenile court that is proscribed. *Miller* does not address itself to situations where the juvenile system is not manipulatively avoided.

A review of the facts of *Miller* puts this in perspective. Miller, while in custody in the county jail and while within three weeks of his eighteenth birthday, stabbed a guard with a ballpoint pen. The record is clear that the charging authorities deliberately, and with only the avowed purpose of avoiding juvenile jurisdiction, de-

ferred charging until the day after Miller attained the age of eighteen. This clearly evinced a manipulative intent to avoid the procedural and statutory safeguards afforded by the system of juvenile justice.

The facts in the instant case do not reveal a manipulation of the system which *Miller* proscribes.

In the instant case, there was an ongoing drug investigation. The deliveries were made by Becker in February of 1975 at a time when he was seventeen years old. He, having become eighteen on July 13, 1975, was charged as an adult on September 9, 1975. On that same date, eight other persons were charged with drug violations that occurred between November of 1974 and July 25, 1975. The investigation was completed in August of 1975.

There was no apparent manipulation of the juvenile system to avoid charging Becker while he was within the age-limit jurisdiction of the juvenile court. Prima facie, it is apparent that he was charged at the same time that all other drug offenders revealed in the same investigation were charged.

 Nevertheless, we hold that, when the charging authorities have reason to believe that a child has committed an offense which, if committed by an adult, constitutes a crime, jurisdiction in a criminal court cannot be maintained on a charge brought after the child becomes eighteen, unless it is affirmatively shown that the delay was not for the purpose of manipulating the system to avoid juvenile court jurisdiction. Such showing was made in the instant case after full opportunity for a due-process hearing.

The record shows that Becker and his counsel objected to the jurisdiction of the circuit court on the ground that the state, for the purpose of circumventing the Children's Code, had not charged him until after his eighteenth birthday. Pursuant to the defendant's motion to dismiss

for want of jurisdiction, the circuit judge ordered a hearing to resolve this question. The parties were given a week in which to prepare for that hearing.

At the hearing, the chief investigator for the state stated that there was a severe drug-traffic problem in La Crosse and that an investigation was conducted from November of 1974 until August of 1975. He acknowledged that Becker's complicity was verified in February of 1975, and that within a few days thereafter he knew that Becker was a child who would shortly become an adult. There was evidence to show that the entire investigation might be impaired if one defendant were charged before the investigation was completed. The investigator stated that Becker was charged, together with eight others, only after the entire investigation was terminated in August of 1975.

On September 29, 1975, after hearing this evidence, the circuit judge held his ruling on jurisdiction in abeyance and remanded the matter to the juvenile court. That court declined jurisdiction. On November 10, 1975, the circuit court heard further arguments on the question of jurisdiction and, in response to defendant's renewed motion to dismiss, prior to trial on January 5, 1976, made the finding that:

"There was good and sufficient reason for a delay in the institution of prosecution. . . . from what the court heard it was not done deliberately in order to wait for this defendant to attain age 18."

We accordingly conclude that the circuit court fully complied with the requirement of *Miller,* which requirement we adopt. The court gave the defendant the opportunity to be heard on the question of whether the state had delayed charging for the purpose of circumventing the jurisdiction of the juvenile court. A hearing was held after appropriate notice, at which time wit-

nesses were produced and the opportunity for cross-examination was afforded. Evidence was adduced from which the circuit judge found, as he reasonably could have, that good and sufficient reasons occasioned the delay in charging and that such delay was not for the purpose of avoiding juvenile court jurisdiction.

It is clear from the record that the trial judge understood the implications of *Miller,* but was groping for a methodology for resolving the jurisdictional question. As stated above, we conclude that he did in fact resolve all of the *Miller* issues before proceeding to trial. We suggest, however, that, when criminal courts face this problem in the future and are confronted with the question of whether the prosecution delayed charging to avoid juvenile-court jurisdiction, the adult court, upon motion to dismiss for want of jurisdiction, proceed to resolve the *Miller* issues. The due-process hearing should be held by the adult court. The jurisdictional question should not be remanded to the juvenile court.

We therefore conclude that the trial judge, on the basis of a due-process evidentiary hearing, properly found that, under the facts of this case, the circuit court had jurisdiction to proceed with the trial of the defendant, who had committed an offense while a child but who was not charged until after he attained the age of eighteen.

*By the Court.*—Judgment affirmed.