IN the INTEREST OF TDP, Alleged Delinquent Child:
TDP, Petitioner-Appellant-Petitioner,

v.

STATE of Wisconsin, Respondent.

Supreme Court

*No. 81–1280. Argued November 2, 1982.—*
*Decided November 30, 1982.*

(Also reported in 326 N.W.2d 741.)

For the appellant-petitioner there were briefs and oral argument by *Bryan J. Borman,* assistant public defender.

For the respondent the cause was argued by *Sally L. Wellman,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished decision of the court of appeals filed January 27, 1982, affirming an order of the circuit court for Waukesha county, Harry B. Snyder, circuit judge, which waived juvenile court jurisdiction and referred the matter to the district attorney to institute appropriate criminal proceedings. The question raised on review is whether the juvenile court[1] can retain jurisdiction to conduct a waiver hearing, when juvenile delinquency proceedings are commenced by the filing of petitions before the juvenile is 18 years old, the juvenile has made no plea[2] before the waiver hearing, and the waiver hearing is held after the juvenile's eighteenth birthday. The court of appeals held that the juvenile court retains jurisdiction to hold the waiver hearing under these circumstances, and we affirm the decision of the court of appeals.

The facts giving rise to this review are undisputed. On April 15, 1981, the district attorney commenced juvenile delinquency proceedings by contemporaneously filing a petition for determination of status (delinquency petition)[3] and a petition for waiver of juvenile court jurisdiction (waiver petition).[4] The delinquency petition alleges that TDP committed two burglaries, contrary to sec. 943.10(1)(a), Stats. 1979–80. On April 24, 1981, the parties appeared before the juvenile court and a date was set for a waiver hearing. There was no plea hearing. On April 29, 1981, TDP reached the age of 18. The waiver hearing was held on June 23, 1981, after TDP had already reached his eighteenth birthday. TDP moved to dismiss the delinquency and waiver petitions on

[1] The juvenile court is the circuit court assigned to exercise jurisdiction under the Children's Code. Sec. 48.02, Stats. 1979–80.

[2] Sec. 48.30, Stats. 1979–80.

[3] Sec. 48.255, Stats. 1979–80.

[4] Sec. 48.18, Stats. 1979–80.

the ground that the juvenile court had no jurisdiction. The juvenile court denied the motions and ordered waiver.

The court of appeals granted TDP leave to appeal the circuit court's waiver order[5] and concluded that the juvenile court had jurisdiction, pursuant to sec. 48.12(2) Stats. 1979–80, to hold the waiver hearing and enter the waiver order.

Sec. 48.12(2), Stats. 1979–80, reads as follows:

"(2) If a court proceeding has been commenced under this section before a child is 18 years of age, but the child becomes 18 years of age before admitting the facts of the petition at the plea hearing or if the child denies the facts, before an adjudication, the court retains jurisdiction over the case to dismiss the action with prejudice, to waive its jurisdiction under s. 48.18, or to enter into a consent decree. . . ."

TDP contends that sec. 48.12(2) establishes two alternative conditions precedent for the juvenile court to retain jurisdiction to hold a waiver hearing and enter the waiver order after the juvenile turns 18 years old: (1) before becoming 18 the juvenile admits the facts of the petition at the plea hearing; or (2) before becoming 18 the juvenile denies the facts at a plea hearing and the juvenile turns 18 before an adjudication.[6] Thus TDP

---

[5] Sec. 808.03(2), Stats. 1979–80. *State ex rel. A.E. v. Circuit Court for Green Lake Co.*, 94 Wis. 2d 98, 105d, 292 N.W.2d 114 (1980).

[6] TDP's brief (pp. 5–7) summarizes TDP's interpretation of sec. 48.12(2) as follows:

"It is TDP's position that the juvenile court did not have jurisdiction to hold the waiver hearing and to enter the waiver order when, at the time of the waiver hearing, TDP had already turned 18 and where none of the narrowly drawn circumstances of sec. 48.12(2), Stats., for the juvenile court's retaining jurisdiction over someone 18 applied, that is, TDP neither turned 18 before admit-

argues that the juvenile court lacked jurisdiction to make a waiver determination in this case because neither of these conditions was satisfied.

ting to the facts at a plea hearing nor did he deny the facts at a plea hearing and turn 18 before adjudication."

". . .

"Under the enactment passed by the legislature, a juvenile court loses jurisdiction not only when the child denies at the plea hearing and turns 18 after adjudication but before disposition, but also when the child admits at the plea hearing and turns 18 after the plea hearing but before disposition. (The turning of 18 must occur before disposition because sec. 48.12(2), Stats., must be read along with sec. 48.355(4), Stats. The latter subsection makes dispositional orders effective for one year as long as the order is entered prior to the youth's 18th birthday.)"

The state's brief (pp. 5–6) sets forth the state's interpretation of sec. 48.12(2) as follows:

"The plain meaning of this language is that if the child turns eighteen after admitting the facts at a plea hearing or after adjudication if the facts are denied, the juvenile court loses jurisdiction and cannot utilize the provisions of sec. 48.12(2), Stats. This is obviously designed to protect the juvenile from any double jeopardy problems which could arise if the court retained jurisdiction to waive the juvenile after he had admitted the facts at a plea hearing or after he had been adjudicated guilty. *See Breed v. Jones,* 421 U.S. 519 (1975).

". . .

"Petitioner [TDP] is able to argue that the juvenile court was without jurisdiction to waive him only because he indulges in a very strained reading of the statute. Petitioner appears to argue that the requirements of sec. 48.12(2), Stats., have not been met unless a plea hearing has been held, because until a plea hearing has been held the juvenile has not had an opportunity to admit or deny the facts. However, petitioner's theory leads to an absurd result, because once the plea hearing is held, if the child admits the facts, double jeopardy considerations would prevent the juvenile from being waived. It is not reasonable or logical to conclude that the Legislature intended this result."

TDP recognizes that his proposed interpretation of the statute might create a double jeopardy issue under the state and federal constitutions. (Pet. br. p. 8)

Although upon first reading sec. 48.12(2) appears to provide clear guidance, further consideration reveals that the issue raised by TDP stems from the confusing phrasing and structure of the statute. Despite this lack of clarity, we conclude that TDP's proposed interpretation is an illogical interpretation of the words of sec. 48.12(2) and violative of the legislative intent. While TDP sees in sec. 48.12(2) two alternative conditions precedent to the juvenile court's continuing jurisdiction, we view sec. 48.12(2) as simply, although awkwardly, stating that when juvenile proceedings are commenced before the juvenile reaches the age of 18, and the juvenile turns 18 before one of the two alternative conditions set forth in sec. 48.12(2) occurs, the juvenile court may retain jurisdiction over the juvenile after the juvenile turns 18 to dismiss the action with prejudice, to waive its jurisdiction, or to enter into a consent decree.

Our reading of the statute comports with what appears to be the legislature's intent in adopting sec. 48.12(2) by ch. 300, Laws of 1979. Prior to the adoption of sec. 48.12(2), Stats. 1979–80, sec. 48.12, Stats. 1977, provided that the juvenile court had "exclusive jurisdiction, except as provided in ss. 48.17 and 48.18, over any child 12 years of age or older who is alleged to be delinquent because he or she has violated any federal or state criminal law." A child is defined as "a person who is less than 18 years of age." Sec. 48.02(2), Stats. 1979–80. Prior to the enactment of sec. 48.12(2), Stats. 1979–80, this court had indicated that if a juvenile turned 18 after juvenile proceedings had been commenced[7] but before the pro-

---

[7] The juvenile's age at the time of the commencement of proceedings, not the age at the time of the offense, controls the juvenile court's jurisdiction. *State ex rel. Koopman v. Waukesha County Court*, 38 Wis. 2d 492, 497–500, 157 N.W.2d 623 (1968); *State v. Becker*, 74 Wis. 2d 675, 676, 247 N.W.2d 495 (1976).

ceedings had been completed, the juvenile court might lose jurisdiction and might not be able to hold a waiver hearing. *State v. Avery,* 80 Wis. 2d 305, 310, 259 N.W.2d 63 (1977). The statute and the decisions of this court appear to have raised concern in the legal community about the juvenile court's jurisdiction over persons who turned 18 after the juvenile proceedings were commenced, but before they were terminated. Sec. 48.12(2), Stats. 1979–80, was enacted to make clear that the juvenile court retained the power to take certain limited action as to certain juveniles who turn 18 while juvenile court proceedings are pending.[8]

We conclude that the words of sec. 48.12(2), Stats. 1979–80, do not lend themselves to TDP's proposed interpretation and that adoption of the interpretation he advocates would be contrary to the legislature's intent.[9] In the instant case the juvenile court proceedings were commenced under sec. 48.12 before the juvenile became 18 years of age; the juvenile turned 18; there was no plea hearing before or after the juvenile turned 18; the juvenile neither admitted nor denied the facts of the petition at a plea hearing and there has been no adjudication. We hold that sec. 48.12(2), Stats. 1979–80, authorizes the juvenile court under the circumstances of this

---

[8] See Memo from Youth Policy and Law Center, Inc. (Eileen Hirsh) to Rep. Richard Flintrop, February 21, 1980, in drafting file to ch. 300, Laws of 1979 (1979 A.B. 1168).

[9] TDP points out that the state's interpretation of sec. 48.12(2) is premised on the state's view that the statutes require that the waiver hearing and the waiver determination take place before the plea hearing. TDP acknowledges that sec. 48.18(2), Stats. 1979–80, requires the petition for waiver to be filed prior to a plea hearing. TDP correctly states that the statutes do not expressly set forth the order of the plea hearing and the waiver hearing. The parties do not expressly address this issue, and the court does not reach it.

case to retain jurisdiction to hold a waiver hearing and make a waiver determination.[10]

*By the Court.*—The decision of the court of appeals is affirmed.

[10] *See In the Interest of T.R.B.,* 109 Wis. 2d 179, 180–81, 325 N.W.2d 329 (1982).