STATE of Wisconsin, Plaintiff-Respondent,

v.

Scott Anthony BLACK, Defendant-Appellant.†

Court of Appeals

*No. 83–998–CR. Submitted on briefs October 24, 1983.—*
*Decided February 7, 1984.*
(Also reported in 346 N.W.2d 462.)

For the appellant the cause was submitted on the briefs of *Steven P. Weiss,* assistant state public defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Sally L. Wellman,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.  Scott Black appeals his conviction as an adult for criminal offenses he committed as a juve-

---

† Petition to review denied.

nile. He claims that the circuit court did not have jurisdiction over the offenses because an action had been started in juvenile court for the same offenses making its jurisdiction exclusive. *See* sec. 48.12, Stats.[1] Because the juvenile court never acquired personal jurisdiction over Black, we conclude that it did not have to waive its jurisdiction before the circuit court could convict Black.

Black was arrested in Minnesota on December 26, 1981, on the basis of a complaint that earlier in the evening he had sexually assaulted a woman in Wisconsin. On December 29, 1981, the St. Croix County district attorney filed a delinquency petition in the St. Croix County juvenile court. The court ordered Black's arrest, and the district attorney attempted to have Black returned to Wisconsin. Black successfully blocked the attempt until after January 20, 1982, his eighteenth birthday. Without doing anything further in the juvenile court, the district attorney then filed a criminal complaint in circuit court charging Black with the same offenses alleged in the delinquency petition. Black was eventually returned to Wisconsin on the adult charges and convicted in circuit court.

---

[1] Section 48.12, Stats., provides:

Jurisdiction over children alleged to be delinquent. (1) The court has exclusive jurisdiction, except as provided in ss. 48.17 and 48.18, over any child 12 years of age or older who is alleged to be delinquent as defined in s. 48.02(3m).

(2) If a court proceeding has been commenced under this section before a child is 18 years of age, but the child becomes 18 years of age before admitting the facts of the petition at the plea hearing or if the child denies the facts, before an adjudication, the court retains jurisdiction over the case to dismiss the action with prejudice, to waive its jurisdiction under s. 48.18, or to enter into a consent decree. If the court finds that the child has failed to fulfill the express terms and conditions of the consent decree or the child objects to the continuation of the consent decree, the court may waive its jurisdiction.

As a court of general jurisdiction, the circuit court had jurisdiction to decide the criminal complaint against Black. *See Mack v. State,* 93 Wis. 2d 287, 294, 286 N.W.2d 563, 566 (1980). Black, who was an adult when the criminal complaint was filed, was also subject to circuit court jurisdiction even though he committed the offenses when he was seventeen years old. *See State v. Becker,* 74 Wis. 2d 675, 680, 247 N.W.2d 495, 498 (1976).

Section 48.12 did not preclude the circuit court from exercising this jurisdiction over Black once he became an adult. Section 48.12 grants exclusive jurisdiction to the juvenile court over juveniles who have committed criminal offenses, not over criminal offenses that have been committed by juveniles. There was also no need for the juvenile court to waive its jurisdiction because the juvenile court never acquired jurisdiction over Black. Jurisdiction is acquired by the personal appearance of the juvenile. *See Laasch v. State,* 84 Wis. 2d 587, 590, 267 N.W.2d 278, 281 (1978) ; *La Follette v. Circuit Court,* 37 Wis. 2d 329, 343, 155 N.W.2d 141, 148 (1967). In this case, Black never appeared in juvenile court. The juvenile court cannot waive a jurisdiction that it never acquired.

*By the Court.*—Judgment affirmed.