152 Wis.2d 395 (1989)
448 N.W.2d 302
IN the INTEREST OF D.W.B., a child under the age of 18: D.W.B., Appellant,
v.
STATE of Wisconsin, Respondent.[]
No. 89-0694-FT.
Court of Appeals of Wisconsin.
Submitted on briefs August 9, 1989.
Decided September 26, 1989.
*396 On behalf of the appellant, the cause was submitted on the briefs of Leonard G. Adent and Michael Reyes of Flores and Adent of Waukesha.
On behalf of the respondent, the cause was submitted on the brief of Debra L. Bloedel, assistant district attorney of Waukesha.
Before Brown, P.J., Scott and Nettesheim, JJ.
NETTESHEIM, J.
D.W.B. appeals from the orders of the juvenile court dismissing without prejudice *397 a delinquency petition and an accompanying petition for waiver of juvenile court jurisdiction. The dismissal orders were made at the state's request and were premised upon the fact that D.W.B. did not appear in the action until after he had attained eighteen years of age. Believing that it had either lost, or never obtained, jurisdiction over D.W.B., the juvenile court dismissed the petitions. We reverse the juvenile court's orders, concluding that the action had been duly commenced under sec. 48.12(2), Stats., thereby precluding a dismissal without prejudice.
The controlling facts are not in dispute. On September 30, 1988, the Waukesha county district attorney's office filed a delinquency petition against D.W.B. and an accompanying petition for waiver of juvenile court jurisdiction. D.W.B. attained eighteen years of age the following day, October 1. D.W.B. appeared with his counsel in response to the petitions on October 27, 1988. The record on this appeal does not include a transcript of these proceedings. However, the minutes of this hearing indicate that, among other matters, D.W.B. reserved the right to file jurisdictional motions. The case was continued to November 29 for a pretrial conference.
D.W.B., however, never filed any motions challenging jurisdiction. Subsequent proceedings were limited to further status or pretrial conferences. No plea hearing or adjudication ever occurred.
On February 7, 1989, the state filed a motion for dismissal of the petitions without prejudice "because the juvenile court never acquired personal jurisdiction over the ... juvenile." Following a hearing on this motion, the juvenile court agreed with the state's argument and dismissed the petitions without prejudice. D.W.B. appeals.
Section 48.12(2), Stats., provides:

*398 If a court proceeding has been commenced under this section before a child is 18 years of age, but the child becomes 18 years of age before admitting the facts of the petition at the plea hearing or if the child denies the facts, before an adjudication, the court retains jurisdiction over the case to dismiss the action with prejudice, to waive its jurisdiction under s. 48.18, or to enter into a consent decree. If the court finds that the child has failed to fulfill the express terms and conditions of the consent decree or the child objects to the continuation of the consent decree, the court may waive its jurisdiction.
No Wisconsin case has squarely addressed the question of when a juvenile proceeding is "commenced." However, the plain language of the procedural provisions of ch. 48, Stats., reveals that the filing of the petition constitutes the commencement of a juvenile proceeding. Section 48.25(1), Stats., provides in part:
A petition initiating proceedings under this chapter shall be signed by a person who has knowledge of the facts alleged or is informed of them and believes them to be true. If a petition under s. 48.12 is to be filed, it shall be prepared, signed and filed by the district attorney. [Emphasis added.]
In addition, sec. 48.255(1), Stats., provides in part: "A petition initiating proceedings under this chapter. ..."[1] (Emphasis added.)
[1]
We therefore conclude that the action against D.W.B. was duly commenced on September 30, 1988 by the filing of the delinquency petition. From this it follows *399 that sec. 48.12, Stats., prescribing the procedure when a child attains eighteen years of age during the pendency of the action, is the controlling statute in this case unless some jurisdictional bar precludes the juvenile court from proceeding under that statute. We now address this aspect of the case.
[2, 3]
The parties do not appear to dispute that the juvenile court had subject matter jurisdiction when the initial petitions were filed in this case. We agree. Subject matter jurisdiction is conferred on a court solely by the constitution and statutes of the state. In re Carlson, 147 Wis. 2d 630, 635, 433 N.W.2d 635, 637 (Ct. App. 1988). Here, the petition alleged offenses recognized by the juvenile and criminal codes, see sec. 48.02(3m), Stats., and D.W.B. was alleged to have been a juvenile at the time of the commission of the charged offenses. See secs. 48.02(2), 48.12(1), Stats. In addition, the statutes confer authority upon a juvenile court to waive its jurisdiction. Thus, the juvenile court had subject matter jurisdiction over these petitions.
However, the state argues that because D.W.B. did not appear in the action until after he attained eighteen years of age, the juvenile court had lost personal jurisdiction or otherwise was powerless to act. Agreeing with the state, the juvenile court relied upon the court of appeals' decision in State v. Black, 118 Wis. 2d 62, 346 N.W.2d 462 (Ct. App. 1984), holding that the juvenile court has exclusive jurisdiction "over juveniles who have committed criminal offenses, not over criminal offenses that have been committed by juveniles." Id. at 64, 346 N.W.2d at 464. Although this language appears to support the juvenile court's ruling in this case, we regard the supreme court's decision in In re T.D.P., 109 Wis. 2d 495, 326 N.W.2d 741 (1982), as the higher and better *400 authority in this case.[2]
The facts in T.D.P. are like those in the instant case except that T.D.P. appeared in the juvenile action prior to attaining his eighteenth birthday. After T.D.P. turned eighteen and before any plea hearing or adjudication, the juvenile court waived its jurisdiction over T.D.P. Upholding the juvenile court's action, the supreme court held:
[W]e view sec. 48.12(2) as simply, although awkwardly, stating that when juvenile proceedings are commenced before the juvenile reaches the age of 18, and the juvenile turns 18 before one of the two alternative conditions set forth in sec. 48.12(2) occurs, the juvenile court may retain jurisdiction over the juvenile after the juvenile turns 18 to dismiss the action with prejudice, to waive its jurisdiction, or to enter into a consent decree.
Id. at 499, 326 N.W.2d at 743.
Significantly, the T.D.P. court did not premise its ruling or rationale on the fact that the juvenile court acquired personal jurisdiction over T.D.P. prior to his reaching eighteen years of age. We conclude that such an event is not controlling on the jurisdictional inquiry in this case and we believe the supreme court deemed it similarly unpersuasive in T.D.P.
*401 [4]
Apart from T.D.P., we also observe that sec. 48.12(2), Stats., on its face, appears to require rejection of the state's argument, for the statute contemplates the juvenile court continuing to act in a case even after the juvenile has attained the age of eighteen years. Thus, the exclusive jurisdiction of the juvenile court is not limited in all instances to alleged offenders between twelve years of age or older (sec. 48.12(1)) and those less than eighteen years of age (sec. 48.02(2), Stats.). In limited situations under sec. 48.12(2), such jurisdiction extends beyond eighteen years of age. The statute does not limit its application only to cases where the juvenile has appeared in the action prior to attaining eighteen years of age.
[5, 6]
Even apart from the statute, we are not persuaded that D.W.B.'s failure to appear in the action until after his eighteenth birthday served to preclude the juvenile court from obtaining personal jurisdiction over him. The purposes served by the personal jurisdiction requirement are twofold: (1) to give notice to the person that an action has been commenced, and (2) to confer the authority of the court over the person. See Bulik v. Arrow Realty, Inc., 148 Wis. 2d 441, 444, 434 N.W.2d 853, 854 (Ct. App. 1988). D.W.B. clearly had notice of the action and was properly produced before the court to answer to its subject matter jurisdiction. Thus, both personal jurisdiction requirements were met. No defect in personal jurisdiction existed.[3]
*402 Because all aspects of jurisdiction were satisfied and because they endured, the juvenile court in this case was limited to the options recited in sec. 48.12(2), Stats.
By the Court.Orders reversed and cause remanded.
NOTES
[] Petition to review granted.
[1] In In re T.D.P., 109 Wis. 2d 495, 326 N.W.2d 741 (1982), the Wisconsin Supreme Court implicitly held that the filing of the petition constitutes commencement of such an action. Id. at 496, 326 N.W.2d at 741.
[2] Unfortunately, State v. Black, 118 Wis. 2d 62, 346 N.W.2d 462 (Ct. App. 1984), does not discuss T.D.P.

While we perhaps could distinguish Black on the grounds asserted by D.W.B.that Black never appeared in the action whereas here D.W.B. did appearthe significance of this distinction fades in light of our conclusion that all aspects of juvenile court jurisdiction were satisfied in this case.
[3] Nor are we persuaded that the juvenile court could somehow "lose" its personal jurisdiction once it attached. No authority for this proposition is cited.