158 Wis.2d 398 (1990)
462 N.W.2d 520
IN the INTEREST OF D.W.B., a Child Under the Age of 18: D.W.B., Appellant,
v.
STATE of Wisconsin, Respondent-Petitioner.
No. 89-0694-FT.
Supreme Court of Wisconsin.
Argued September 4, 1990.
Decided November 20, 1990.
*399 For the respondent-petitioner the cause was argued by Gregory M. Posner-Weber, assistant attorney general, with whom on the briefs was Donald J. Hanaway, attorney general.
For the appellant there was a brief by Leonard G. Adent, Michael Reyes and Flores & Adent, Waukesha and oral argument by Leonard G. Adent.
CALLOW, WILLIAM G., J.
This is a review of a decision of the court of appeals, In Interest of D.W.B., 152 Wis.2d 395, 448 N.W.2d 302 (Ct. App. 1989), which reversed an order of the juvenile court of Waukesha county, Judge Kathryn W. Foster. The juvenile court dismissed without prejudice a delinquency petition and an accompanying petition for waiver of juvenile court jurisdiction. The juvenile court granted the State's motion to dismiss the delinquency petition on the ground that, since the child (D.W.B.) had not appeared in juvenile court prior to reaching age eighteen, D.W.B. was not within the jurisdiction of the juvenile court.
The issue in this case is clear: When is a juvenile court proceeding "commenced" under sec. 48.12(2), Stats.? We hold that a juvenile court proceeding is commenced on the date the juvenile petition is filed. The juvenile court does not surrender its statutory jurisdiction simply because an individual age eighteen years or older, who is alleged to have committed an offense as a child (i.e., alleged child offender), does not appear in juvenile court until after he or she reaches the age of eighteen years.
*400 The facts are as follows. On September 30, 1988, the State filed a "Petition for Waiver of Jurisdiction of an Alleged Delinquent Child" (Waiver Petition) and a "Petition for Determination of Status" (Delinquency Petition) in Waukesha county Juvenile Court for D.W.B., an alleged delinquent. D.W.B., who reached age eighteen on October 1, 1988, appeared in the juvenile court on October 27, 1988. The juvenile court dismissed the petitions on February 16, 1989 based on a motion by the State. The juvenile court believed that it did not have jurisdiction to hear the case because D.W.B. did not personally appear until after he reached the age of eighteen. The juvenile court relied upon the authority of State v. Black, 118 Wis.2d 62, 346 N.W.2d 462 (Ct. App. 1984).
The court of appeals reversed the juvenile court orders. This court granted the petition for review.
Statutory jurisdiction over alleged delinquents is controlled by sec. 48.12, Stats. Section 48.12(1)[1] grants the juvenile court exclusive jurisdiction (with limited exceptions) over children twelve or older, who are alleged to be delinquent.[2] Section 48.12(1) does not provide that the child must appear in juvenile court before reaching age eighteen. If the child becomes eighteen years of age after an action is commenced in juvenile court, sec. 48.12(2) controls.[3]
*401 [1, 2]
This statute, by its plain language, provides that if a court proceeding is commenced before the child is eighteen years of age, the juvenile court retains jurisdiction to do one of three things: (1) dismiss the action with prejudice, (2) waive its jurisdiction under sec. 48.18, Stats., or (3) enter into a consent decree. See In Interest of T.D.P., 109 Wis.2d 495, 499, 326 N.W.2d 741 (1982). Although the term "commenced" is not defined in ch. 48, Stats., we have stated that juvenile delinquency proceedings may be commenced by filing petitions. See T.D.P., 109 Wis.2d at 496. This position is further supported by secs. 48.25(1) and 48.255(1), Stats., which refer to "petition[s] initiating proceedings" under ch. 48. This language indicates that filing a petition will "commence" proceedings in juvenile court. D.W.B.'s juvenile court proceeding was commenced on September 30, 1988, when the State filed the delinquency petition.
The State concedes that filing a petition commences juvenile court proceedings. The State contends, however, that unless the alleged delinquent actually appears before he or she reaches age eighteen, the juvenile court cannot acquire personal jurisdiction, in which case sec. 48.12(2) does not apply. The State bases its contention on the appeals court holding in Black. In Black, the St. Croix county District Attorney filed a delinquency petition in juvenile court three weeks before the child (Black) *402 reached age eighteen. Black successfully avoided making an appearance in juvenile court, and he was later charged and convicted as an adult in circuit court. Black, 118 Wis.2d at 63.
[3]
Black does not control the disposition of this case. Unlike the child in Black, in this case D.W.B. made an appearance in juvenile court. See State ex rel. La Follette v. Circuit Court, 37 Wis.2d 329, 343, 155 N.W.2d 141 (1967). Contrary to the State's contention, sec. 48.12(2), Stats., does not require that the child appear in juvenile court before reaching age eighteen for the juvenile court to retain statutory jurisdiction. Neither does Black explicitly require that the child appear before age eighteen. The court in Black stated, "[s]ection 48.12 grants exclusive jurisdiction to the juvenile court over juveniles who have committed criminal offenses, not over criminal offenses that have been committed by juveniles." Black, 118 Wis.2d at 64. This language cannot be read to mean that the juvenile court automatically loses its jurisdiction as soon as the alleged delinquent child reaches age eighteen. Such an interpretation clearly conflicts with the language of sec. 48.12(2), Stats.
Here, by contrast, the State did not file charges in circuit court. Rather, the State moved to have the juvenile court dismiss the case after D.W.B. had appeared in juvenile court. In T.D.P., the Waukesha County District Attorney filed a delinquency petition and a waiver petition two weeks before T.D.P. reached age eighteen. T.D.P., 109 Wis.2d at 496. T.D.P. personally appeared in juvenile court before reaching age eighteen, but moved to dismiss the petitions after reaching age eighteen, on the ground that the juvenile court did not have jurisdiction. We held in T.D.P. that "sec. 48.12(2), Stats. 1979-80, authorizes the juvenile court under the circumstances *403 of this case to retain jurisdiction to hold a waiver hearing and make a waiver determination." Id. at 500-01. See also In Interest of T.R.B., 109 Wis.2d 179, 180-81, 325 N.W.2d 329 (1982).
In T.D.P., unlike this case, the child appeared in juvenile court before reaching age eighteen. This distinction between T.D.P. and this case is irrelevant to the outcome of this case. We did not suggest in T.D.P. that an appearance before age eighteen was a prerequisite to the juvenile court retaining jurisdiction. The issue here is not "Did the child appear before reaching age eighteen?" but rather "Was an action commenced before the child reached age eighteen?" We stated in T.D.P., "[t]he juvenile's age at the time of the commencement of proceedings . . . controls the juvenile court's jurisdiction." T.D.P., 109 Wis.2d at 499 n.7 (citing State ex rel. Koopman v. Waukesha County Court, 38 Wis.2d 492, 497-500, 157 N.W.2d 623 (1968); State v. Becker, 74 Wis.2d 675, 676, 247 N.W.2d 495 (1976)). In this case, since the action commenced before D.W.B. reached age eighteen, the disposition of the case is controlled by sec. 48.12(2). The juvenile court was limited to the alternatives in that statute and was not free to dismiss the petition without prejudice for lack of jurisdiction.
This holding is consistent with the purposes of the Children's Code. See sec. 48.01, Stats. One of these purposes is to "remove from children committing delinquent acts the consequences of criminal behavior and to substitute therefor a program of supervision, care and rehabilitation." Section 48.01(1)(c), Stats. Although D.W.B. was eighteen at the time he appeared before the juvenile court, the fact remains that he was under eighteen (i.e., a "child") at the time of the alleged delinquent act. Additionally, sec. 48.01(2) provides that ch. 48 should be liberally construed and that the best interests *404 of the child be of paramount consideration. To require that the child must manage to appear in juvenile court before age eighteen or lose this "supervision, care and rehabilitation" would not generally be in the child's best interests. We recognize that in some instances, it may be to the benefit of an alleged child offender to appear before the circuit court as an adult. In those instances, the juvenile court can and should waive its jurisdiction under sec. 48.18(6), Stats. Also, should the child deliberately delay his or her appearance in juvenile court until after reaching age eighteen, the juvenile court has the option of waiving its jurisdiction based on the guidelines in sec. 48.18.
This holding is also consistent with the purpose of sec. 48.12(2), Stats. We stated, in T.D.P., "[s]ec. 48.12(2), Stats. 1979-80, was enacted to make clear that the juvenile court retained the power to take certain limited action as to certain juveniles who turn 18 while juvenile court proceedings are pending." T.D.P., 109 Wis.2d at 500. To allow the State to usurp that power after an action has been properly commenced in juvenile court, merely because the alleged child offender did not appear in juvenile court until after he reached age eighteen, would be inconsistent with the juvenile court's authority under sec. 48.12(2).
Juvenile court statutory jurisdiction over alleged child offenders is governed by sec. 48.12(2), Stats., not by factors incidental to this section. If the child had to appear in juvenile court before reaching age eighteen, the child's fate would be decided not by when an action is commenced, but by how quickly he or she could be brought before the juvenile court. This would not present a problem in the case of a fifteen- or sixteen-year-old, but when a child is close to age eighteen juvenile court jurisdiction would depend upon factors such as the *405 workload of the district attorney, the docket of the particular juvenile court or the inability of the child to appear (with or without good cause). Such factors should not affect the juvenile court's jurisdiction. Additionally, the State may not manipulate the court system by delaying filing charges until after the alleged child offender reaches age eighteen. Any intentional delay in filing charges is clearly prohibited by our holdings in State v. Becker, 74 Wis.2d 675, 247 N.W.2d 495 (1976), and State v. Montgomery, 148 Wis.2d 593, 603-04, 436 N.W.2d 303 (1989).
[4]
Since D.W.B. appeared in juvenile court before the State moved to dismiss the delinquency petition, we are not presented with the issue of whether the juvenile court loses its statutory jurisdiction if the State moves to dismiss after the alleged child offender reaches age eighteen but before he or she appears in juvenile court. We recognize, however, that our decision in this case results in the conclusion that the juvenile court retains exclusive jurisdiction over a properly commenced proceeding, even if the alleged child offender has not appeared in juvenile court before reaching age eighteen. The court of appeals held in Black that a circuit court can exercise jurisdiction over such an alleged child offender, even if the juvenile court has not waived its jurisdiction. Black, 118 Wis.2d at 64. We overrule the Black holding since it is inconsistent with our conclusion here.
In summary, we conclude that the filing of a delinquency petition commences an action in juvenile court. The child does not have to appear in juvenile court before reaching age eighteen. If the child reaches age eighteen after an action is commenced, and before meeting the conditions in sec. 48.12(2), Stats., that statute controls. In such a situation the juvenile court retains *406 jurisdiction to dismiss the action with prejudice, to waive its jurisdiction under sec. 48.18 or to enter into a consent decree.
By the Court.The decision of the court of appeals is affirmed.
NOTES
[1] Section 48.12(1), Stats., provides:

The court has exclusive jurisdiction, except as provided in ss. 48.17 and 48.18, over any child 12 years of age or older who is alleged to be delinquent as defined in s. 48.02(3m).
[2] Section 48.02(3m), Stats., defines "delinquent" as "a child who is less than 18 years of age and 12 years of age or older who has violated any state or federal criminal law, except as provided in ss. 48.17 and 48.18."
[3] Section 48.12(2), Stats., provides: If a court proceeding has been commenced under this section before a child is 18 years of age, but the child becomes 18 years of age before admitting the facts of the petition at the plea hearing or if the child denies the facts, before an adjudication, the court retains jurisdiction over the case to dismiss the action with prejudice, to waive its jurisdiction under s. 48.18, or to enter into a consent decree. If the court finds that the child has failed to fulfill the express terms and conditions of the consent decree or the child objects to the continuation of the consent decree, the court may waive its jurisdiction.