IN the INTEREST OF MICHAEL J. L., a person under the age of 18:

MICHAEL J. L., Respondent-Appellant,

v.

STATE of Wisconsin, Petitioner-Respondent.

Court of Appeals

*No. 92-2242. Submitted on briefs December 4, 1992.—Decided January 27, 1993.*

(Also reported in 496 N.W.2d 758.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Bryan J. Borman,* assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Ted Szczupakiewicz,* assistant district attorney.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J.   Michael J. L. appeals from the nonfinal order of the juvenile court denying his motion to dismiss a delinquency petition filed contemporaneously with a waiver petition.[1] Michael J. L. contends that the time requirements of sec. 48.25(2)(a), Stats., were not met and that the mandatory language of that statute requires dismissal of the delinquency petition with prejudice. The juvenile court found that the state had violated the statutory time requirements. The court reasoned that the waiver petition deprived it of jurisdiction to hear and decide the motion to dismiss the delinquency petition. Because we conclude that the juvenile court erred when it held that it was without jurisdiction to dismiss the delinquency petition, we reverse and remand with directions to enter orders of dismissal.

The controlling facts are not in dispute. On April 30, 1992, the Waukesha County District Attorney received a recommendation from a juvenile intake worker that a delinquency petition be filed concerning

[1] On October 8, 1992 we granted Michael J. L.'s petition to appeal the nonfinal order of the juvenile court because the issue presented is one of first impression in Wisconsin and will clarify the issue of general importance in the administration of justice. *See* sec. 808.03(2), Stats. For the same reasons the chief judge ordered that this appeal be considered and decided by a three-judge panel. *See* sec. 809.41(1), Stats.

Michael J. L. The district attorney returned the recommendation to the intake worker for further investigation on May 22. Upon completion of the additional investigation, the intake worker returned the recommendation to the district attorney. On June 17, the district attorney filed a petition alleging delinquency and a petition for waiver of jurisdiction. The delinquency petition was filed without the juvenile court's extending the time limits and was not accompanied by a statement, as required by sec. 48.25(2)(a), Stats., setting forth good reasons for the delay in filing the petition.

Michael J. L.'s motion to dismiss the delinquency petition because the district attorney had not complied with the time requirements of sec. 48.25(2)(a), Stats. was denied by the juvenile court. Michael J. L. contended that the district attorney had not referred the intake worker's recommendation for further investigation within twenty days of receipt as required by the statute.

The juvenile court found that the referral to the intake worker on May 22, 1992 occurred after the twenty-day time requirement of sec. 48.25(2)(a), Stats., within which the district attorney must take action. The court determined that the statutory provision requiring the district attorney to take action on a recommendation did not directly relate to waiver petitions.

Michael J. L. appeals, arguing that this action was commenced by the filing of a delinquency petition. Therefore, he reasons, the time requirements of sec. 48.25(2)(a), Stats., apply, and the delinquency petition was not timely filed. He points out that there is no authority for the juvenile court's conclusion that the waiver petition divests it of jurisdiction to address the issue of the timely filing of the delinquency petition. Finally, Michael J. L. contends that the juvenile court's

interpretation will lead to unreasonable results and is contrary to legislative intent.

In response, the state contends that the time limits for processing a delinquency petition under sec. 48.25(2), Stats., do not govern whether the juvenile court is competent to dispose of a waiver petition. The state points out that the statutes and case law deal with waiver petitions differently than delinquency petitions. After analyzing the applicable statutes and reported decisions, the state argues that the filing of a waiver petition divests the juvenile court of exclusive jurisdiction relating to the delinquency petition. Based on this proposition, the state takes the position that until the court decides the waiver issue, motions relating to the delinquency petition cannot and need not be addressed by the juvenile court.

■

We conclude that the juvenile court erred when it held that it did not have jurisdiction to consider Michael J. L.'s motion to dismiss. Contrary to the juvenile court's reasoning that the delinquency petition accompanies the waiver petition as a statement of facts, we conclude that the delinquency petition initiates proceedings in the juvenile court. Because the failure to comply with mandatory time requirements strips the juvenile court of competency to proceed, the court erred in failing to dismiss the delinquency petition.

■

Whether the filing of a waiver petition divests a juvenile court of competency to decide a motion to dismiss the accompanying delinquency petition is a question of law. We review this question without deference to the juvenile court. *See In re B.J.N.*, 162 Wis. 2d 635, 645, 469 N.W.2d 845, 848 (1991).

■

The supreme court has recognized that a circuit court has subject matter jurisdiction to consider and determine any type of action. *See id.* at 655, 469 N.W.2d at 853. As the supreme court explained, this sweeping jurisdiction is the ability to adjudicate the type of controversy before the court. *Id.* at 655-56, 469 N.W.2d at 853. A circuit court also has lesser powers conferred upon it by the legislature. These lesser powers are characterized as the "competency" to act which is the ability to adjudicate a specific case before the court. *Id.*

By statute, juvenile courts have "exclusive jurisdiction" over children twelve years of age or older alleged to be delinquent. *See* sec. 48.12(1), Stats. Because this "exclusive jurisdiction" is conferred by statute and not by our state constitution, it is among the lesser powers of a circuit court. Therefore, it is more properly referred to as the "competency" of the court to adjudicate a specific case brought under the juvenile code. *See B.J.N.,* 162 Wis. 2d at 656, 469 N.W.2d at 853; *see also In re L.M.C.,* 146 Wis. 2d 377, 390, 432 N.W.2d 588, 594 (Ct. App. 1988).[2]

■

The juvenile court becomes competent to act upon the commencement of a juvenile proceeding. *See In re*

---

[2] Cases prior to *In re B.J.N.,* 162 Wis. 2d 635, 469 N.W.2d 845 (1991), often referred to this apparent grant of jurisdiction by the legislature through sec. 48.12(1), Stats., as "statutory jurisdiction," *see, e.g., In re D.W.B.,* 158 Wis. 2d 398, 400, 462 N.W.2d 520, 522 (1990), or subject matter jurisdiction, *see, e.g., In re H.N.T.,* 125 Wis. 2d 242, 244, 371 N.W.2d 395, 396 (Ct. App. 1985). We will use the present terminology of "competence" when referring to the court's exercise of power in the case before it, where there are no errors affecting personal jurisdiction. *See B.J.N.,* 162 Wis. 2d at 656, 469 N.W.2d at 853.

137

*D.W.B.*, 158 Wis. 2d 398, 401, 462 N.W.2d 520, 522 (1990). Proceedings in the juvenile court are commenced when a petition for delinquency is filed. *Id.* Therefore, the juvenile court's competency to act is invoked when the delinquency petition is filed.

■

The supreme court explained in *D.W.B.* that the language of secs. 48.25(1) and 48.255(1), Stats., refers to "petition[s] initiating proceedings" under ch. 48, Stats. *D.W.B.*, 158 Wis. 2d at 401, 462 N.W.2d at 522. Section 48.25(1) designates the individuals who can file specified petitions that initiate juvenile court proceedings. A petition to waive the jurisdiction of the juvenile court under sec. 48.18, Stats., is not one of these specified petitions that can be filed by designated individuals to initiate proceedings. Section 48.255(1) details the form and content of a petition initiating proceedings under ch. 48. Both a delinquency petition drafted under sec. 48.255 and a waiver petition must be filed in order to bring about a waiver hearing. Section 48.18(2). Therefore, we conclude that because the waiver petition is not included in the sec. 48.25 list of petitions which initiate proceedings under ch. 48, and because the waiver petition is not sufficient on its own to bring about action by the court, but must be accompanied by a delinquency petition which initiates proceedings, the waiver petition does not initiate a juvenile court proceeding.

■

In *B.J.N.* the supreme court determined that the failure to comply with a statutory mandate did not deprive the circuit court of its subject matter jurisdiction. *B.J.N.*, 162 Wis. 2d at 656, 469 N.W.2d at 853. Rather, the court was deprived of its competency to exercise its subject matter jurisdiction. *Id.* In other words, the court was prevented from adjudicating the

138

specific case in which there had been a failure to comply with legislatively imposed mandates. Mandatory statutory time provisions are included among those mandates that must be complied with for a circuit court to have competency to act. *See L.M.C.,* 146 Wis. 2d at 391, 432 N.W.2d at 594. Therefore, a failure to observe the mandatory time requirements of ch. 48, Stats., at the predispositional stage will cause a juvenile court to lose its ability to adjudicate the specific case before it. *B.J.N.,* 162 Wis. 2d at 657, 469 N.W.2d at 854.

As we have noted, for each specific case courts require competency for adjudication and for the valid exercise of other powers. *Id.* at 656 & n.17, 469 N.W.2d at 853. Although the waiver hearing is merely a jurisdictional hearing and is not an adjudication of the juvenile's guilt, *see In re D.E.D.,* 101 Wis. 2d 193, 201 n.3, 304 N.W.2d 133, 137 (Ct. App. 1981), we hold that a court must be competent to exercise its power to waive jurisdiction.[3]

The circuit court has competency to exercise its "exclusive jurisdiction" over an alleged delinquent after a delinquency petition is filed. But this competency to proceed is contingent upon compliance with the

---

[3] Adjudication is the legal process of resolving a dispute. *See* BLACK'S LAW DICTIONARY 42 (6th ed. 1990). The adjudication process implies a hearing by a court at which the court will make a determination after considering the evidence and the law. In a waiver hearing, the dispute is whether there is prosecutive merit and whether the standards for waiver have been met. In a delinquency proceeding, the dispute is over the child's guilt or innocence. No matter what dispute the court is required to resolve, the court must have competency to exercise its decision-making abilities.

mandatory time requirements of the juvenile code. Therefore, if the time requirements have been breached, the court is not competent to proceed and must dismiss the delinquency petition. *See In re C.A.K.,* 154 Wis. 2d 612, 623-24, 453 N.W.2d 897, 901-02 (1990).[4] When this dismissal occurs, the waiver hearing may not be held. *See* sec. 48.18(2), Stats.

The statutory criteria for conducting a waiver hearing also support the conclusion that a valid delinquency petition is required. The waiver petition must be filed before the plea hearing, *see* sec. 48.18(2), Stats.; the plea hearing may only be scheduled after the filing of a delinquency petition, sec. 48.30(1), Stats.; and, the failure to comply with time limits requires that the delinquency petition be dismissed with prejudice, *see C.A.K.,* 154 Wis. 2d at 623-24, 453 N.W.2d at 901-02.

This procedural sequence leads to the fair inference that it is a delinquency petition that initiates a juvenile court waiver proceeding. Until the circuit court acquires competency to act by the filing of a valid delinquency petition, it cannot hear and determine the primary issue

---

[4] Our opinion is distinguishable from our prior holding in *In re T.M.J.,* 110 Wis. 2d 7, 327 N.W.2d 198 (Ct. App. 1982). In *T.M.J.,* we held that a waiver hearing is not part of a delinquency proceeding. *Id.* at 11, 327 N.W.2d at 201. *T.M.J.* involved the application of the juvenile code's discovery statute, sec. 48.293, Stats., to waiver hearings. In *T.M.J.,* we were not concerned with the court's competency to act; rather, we addressed what, if any, discovery a juvenile could obtain before a waiver hearing. While we recognize that a waiver hearing and a delinquency proceeding are separate and distinct, they both require that the court have competency to adjudicate their respective issues. The court acquires that competency only after all mandatory statutory requirements are met at each stage in a proceeding.

of a waiver petition—the waiver or surrender of the juvenile court's exclusive jurisdiction over a delinquent.

■

The juvenile court has already made the requisite findings of noncompliance with the time requirements. Therefore, the application of the law to the facts is a question of law that we can answer without deference to the juvenile court. *Wilson v. Waukesha County,* 157 Wis. 2d 790, 794, 460 N.W.2d 830, 832 (Ct. App. 1990). The time requirements of sec. 48.25(2)(a), Stats., are mandatory; by failing to follow the acceptable procedures in the statute the state has forfeited its right to proceed against Michael J. L. and the delinquency petition must be dismissed with prejudice. *C.A.K.,* 154 Wis. 2d at 623-24, 453 N.W.2d at 901-02.[5] The waiver petition also must be dismissed because sec. 48.18, Stats., mandates that to conduct a waiver hearing both a delinquency petition and a waiver petition must be filed. We therefore remand this case to the juvenile court with directions to dismiss the delinquency petition with prejudice and to dismiss the waiver petition.

*By the Court.*—Order reversed and cause remanded.

■

[5] The supreme court has held that the procedures specifically enumerated in sec. 48.25(2)(a), Stats., are the only procedures authorized to be followed when the district attorney is unable to file a delinquency petition within the twenty-day time limitation. *In re C.A.K.,* 154 Wis. 2d 612, 623-24, 453 N.W.2d 897, 901-02 (1990). As the statute does not include a procedure to seek the waiver of jurisdiction, the reasonable inference is that the district attorney is prevented from using the waiver procedure when the time limitations are exceeded for the filing of a delinquency petition.