COURT OF APPEALS
DECISION
DATED AND FILED

June 23, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP351**

Cir. Ct. No. **2020JV288**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

IN THE INTEREST OF T.G., A PERSON UNDER THE AGE OF 17:

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

T. G.,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Kenosha County: JODI L. MEIER, Judge. *Affirmed*.

¶1     NEUBAUER, C.J.[1]     T.G. appeals from a juvenile court order waiving him into adult court.[2]  Whether to waive jurisdiction, once prosecutive merit is found, is within the discretion of the juvenile court.  Because the court did not err in finding prosecutive merit or erroneously exercise its discretion in waiving jurisdiction, we affirm.

## BACKGROUND

¶2     In late 2020, the State filed a delinquency petition against T.G. following a serious car accident involving a stolen car that T.G., who was ten days shy of his sixteenth birthday at the time of the accident, admitted he had been driving when it crashed.  T.G. and at least two passengers in the vehicle were seriously injured in the accident.  The delinquency petition alleged that T.G. committed one count of "Drive or Operate a Vehicle Without Owner's Consent," contrary to WIS. STAT. § 943.23(3), and two counts of "Knowingly Operate Motor Vehicle Without a Valid License-Cause Great Bodily Harm," contrary to WIS. STAT. § 343.05(3)(a) and (5)(b)4.  Each of the charged counts is a Class I Felony, punishable by imprisonment of not more than three years and six months confinement and a fine of not more than $10,000 if committed by an adult.

¶3     At the same time it filed the delinquency petition, the State filed a petition for waiver of jurisdiction, asking that T.G. be waived into adult court based on his alleged offenses.  In support of waiver, the State cited T.G.'s age, the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] This court granted leave to appeal from this nonfinal order.  *See* WIS. STAT. RULE 809.50(3).

limited time left for disposition of the charges and adequate treatment in the juvenile court system, and the seriousness of the offenses.

¶4     The juvenile court held a hearing on the waiver petition. The court first heard arguments from the parties regarding whether there was prosecutive merit as to the count charging T.G. with operating without the owner's consent. Pointing out the "low threshold for prosecutive merit," the court found that T.G.'s own statement that he had been driving when the accident happened and the fact that the car was stolen supported the finding of prosecutive merit.

¶5     After hearing testimony and arguments and reviewing the delinquency petition, waiver petition, T.G.'s school records, and the waiver report prepared by a county social worker, the juvenile court addressed the statutory factors delineated in WIS. STAT. § 938.18(5).[3]  Specifically, the court considered

---

[3] WISCONSIN STAT. § 938.18(5) provides that a court is to consider the following factors in determining whether waiver of jurisdiction is appropriate:

> (a) The personality of the juvenile, including whether the juvenile has a mental illness or developmental disability, the juvenile's physical and mental maturity, and the juvenile's pattern of living, prior treatment history, and apparent potential for responding to future treatment.
>
> (am) The prior record of the juvenile, including whether the court has previously waived its jurisdiction over the juvenile, whether the juvenile has been previously convicted following a waiver of the court's jurisdiction or has been previously found delinquent, whether such conviction or delinquency involved the infliction of serious bodily injury, the juvenile's motives and attitudes, and the juvenile's prior offenses.
>
> (b) The type and seriousness of the offense, including whether it was against persons or property and the extent to which it was committed in a violent, aggressive, premeditated or willful manner.

(continued)

"the personality of [T.G.]," "whether [T.G.] has a mental illness or developmental disability," his "physical and mental maturity," his "pattern of living," "his prior treatment history" and "apparent potential for responding to future treatment," his "prior record," "jurisdiction that's been previously waived," including whether T.G. has "been convicted following a waiver … been previously found delinquent," and "whether any conviction or delinquency involved the infliction of serious bodily injury."

¶6     The juvenile court also considered T.G.'s "motives and attitudes," "the type and seriousness of these [charged] offenses," and whether the "offenses were committed in a violent, aggressive, premeditated[,] or willful manner." Finally, the court "look[ed] to the adequacy and suitability of facilities, services[,] and procedures available for treatment of [T.G.] as well as the protection of the public within the juvenile justice system."

¶7     After applying the facts presented at the hearing to the statutory factors, the juvenile court ultimately granted the waiver petition. The court found that T.G. needs intensive intervention and "there needs to be some serious

---

(c) The adequacy and suitability of facilities, services and procedures available for treatment of the juvenile and protection of the public within the juvenile justice system, and, where applicable, the mental health system and the suitability of the juvenile for placement in the serious juvenile offender program under [WIS. STAT. §] 938.538 or the adult intensive sanctions program under [WIS. STAT. §] 301.048.

(d) The desirability of trial and disposition of the entire offense in one court if the juvenile was allegedly associated in the offense with persons who will be charged with a crime in the court of criminal jurisdiction.

protection of the public and I lean on the protection of the public the most." T.G. appeals.

## DISCUSSION

*Standards of Review and Applicable Legal Standards*

¶8 The waiver process first requires the juvenile court to determine if the delinquency petition has prosecutive merit. WIS. STAT. § 938.18(4)(a). If prosecutive merit is found, the court must review the facts of the case in light of the factors set forth in § 938.18(5). *See D.H. v. State*, 76 Wis. 2d 286, 305, 251 N.W.2d 196 (1977) (addressing WIS. STAT. § 48.18 (1975-76)).[4] The court does not, however, need to determine that every statutory criterion supports waiver. *See B.B. v. State*, 166 Wis. 2d 202, 209, 479 N.W.2d 205 (Ct. App. 1991).

¶9 The parties disagree over the proper standard of our review of a juvenile court's prosecutive merit determination—T.G. argues that it is de novo and the State argues for an erroneous exercise of discretion standard. Our supreme court has explained that it is "functionally similar to the determination of probable cause in the preliminary examination." *T.R.B. v. State*, 109 Wis. 2d 179, 190, 325 N.W.2d 329 (1982). Accordingly, the court explained that in order to find prosecutive merit, a juvenile court must satisfy itself to "the degree of probable cause required to bind over an adult for criminal trial." *Id.* at 192. "When reviewing a circuit court's bindover decision, 'we will examine the factual record ab initio and decide, as a matter of law, whether the evidence constitutes probable

---

[4] When the Legislature passed the Juvenile Justice Code in 1996, WIS. STAT. § 48.18 of the Children's Code became WIS. STAT. § 938.18(5) of the Juvenile Justice Code. 1995 Wis. Act 77.

cause.'" ***State v. Anderson***, 2005 WI 54, ¶26, 280 Wis. 2d 104, 695 N.W.2d 731 (citation omitted). Following this logic, our review of the juvenile court's prosecutive merit decision is de novo, as it is when reviewing bindover determinations. *See **id.***

¶10     Whether to waive a juvenile into adult court, however, is a discretionary determination made by the juvenile court. ***State v. Tyler T.***, 2012 WI 52, ¶24, 341 Wis. 2d 1, 814 N.W.2d 192. Reviewing courts will reverse waiver decisions only if we conclude that the juvenile court erroneously exercised discretion. ***Id.*** "A juvenile court erroneously exercises its discretion if it fails to carefully delineate the relevant facts or reasons motivating its decision or if it renders a decision not reasonably supported by the facts of record." ***Id.*** "In reviewing the juvenile court's discretionary decision to waive jurisdiction, we look for reasons to sustain the court's decision." *See **id.***

*The Juvenile Court Did Not Err in Concluding That There is Prosecutive Merit to Count One of the Delinquency Petition*

¶11     T.G. first argues that the juvenile court erred in determining that there is prosecutive merit to count one of the delinquency petition, which alleged that he operated a motor vehicle without the owner's consent, causing great bodily harm in the process. He argues that despite the fact that the petition alleges that he was driving the vehicle at the time of the accident, there are no allegations that support the inference that T.G. knew that he did not have consent to drive it.

¶12     As with a preliminary hearing in an adult case, for a juvenile court to conclude that there is prosecutive merit, it "must satisfy itself that the record establishes to a reasonable probability that the violation of the criminal law alleged has been committed and that the juvenile has probably committed it." ***T.R.B.***, 109

Wis. 2d at 192. Like a preliminary hearing, a waiver hearing "is not a proper forum to choose between conflicting facts or inferences, or to weigh the state's evidence against evidence favorable to the defendant." *See Anderson*, 280 Wis. 2d 104, ¶24 (citation omitted). As the juvenile court here noted, this is a fairly low threshold, requiring only that the delinquency petition sets forth "a believable or plausible account of the [juvenile]'s commission of a felony." *See id.*, ¶25 (citations omitted).

¶13 Based on our independent review of the hearing testimony, the allegations in the delinquency petition, and other record documents, we conclude that the juvenile court did not err in determining that there is prosecutive merit to the count alleging that T.G. operated the vehicle without the owner's consent. The petition sets forth a "believable or plausible account" of T.G.'s commission of this offense. *See id.* Specifically, one of the passengers told officers at the scene that T.G. had been driving at the time of the accident; T.G. himself told officers that he had been driving at that time; the vehicle that T.G. was driving had a Texas registration and been reported stolen; and the vehicle's owner told officers that he did not give T.G. or anyone else in the vehicle consent to drive it.

¶14 It is a reasonable inference, based on these facts, that T.G. committed the offense charged in count one of the petition. Thus, we are satisfied that there is prosecutive merit as to this count.

*The Juvenile Court Did Not Erroneously Exercise its Discretion in Granting the Waiver Petition*

¶15     As stated above, if a juvenile court finds prosecutive merit, then the court is to determine whether waiver is appropriate in light of the factors set forth in WIS. STAT. § 938.18(5).  *See D.H.*, 76 Wis. 2d at 305.  T.G. argues that the court erroneously exercised its discretion in deciding that waiver was appropriate. He particularly takes issue with the court's reliance on the seriousness of the offense and the need to protect the public as weighing in favor of its decision toward waiver.

¶16     The juvenile court found that T.G. had adult behavior and attitudes; that the offenses before the court were serious; that there were serious injuries inflicted on the other persons in the vehicle; and that the offenses were premeditated, willful, and aggressive.  The court also found that T.G. was not likely to get the services necessary and for the length of time that is appropriate. Ultimately, the court afforded the most weight to the need to protect the public and granted the waiver petition.

¶17     T.G. asks us to conclude that the court erroneously exercised its discretion in weighing the facts and the factors.  In essence, he is asking us to substitute our judgment for that of the juvenile court.  However, we are to uphold the court's decision if our review reveals that the court considered the appropriate facts and applied the appropriate law.  *See Hartung v. Hartung*, 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981).  There is no doubt that the court here did both.

¶18     As to the facts, the juvenile court considered the delinquency and waiver petitions, the testimony at the hearing, the waiver report filed by the social worker, and T.G.'s school records.  "[T]he weight and credibility of the evidence

[are] matters … that are left to the discretion of the [juvenile] court." ***Schorer v. Schorer***, 177 Wis. 2d 387, 400, 501 N.W.2d 916 (Ct. App. 1993). Thus, we will not reweigh the evidence as T.G. requests.

¶19 As to the law, T.G. concedes that "[t]he [juvenile] court considered each of the statutory factors." The court applied the facts in evidence to each of the factors and reached a rational determination supported by the record. Moreover, the court appropriately stated that it considered the best interest of T.G. and the need to protect the public and determined that the evidence supported a finding that it needed to waive jurisdiction. *See* WIS. STAT. § 938.18(6). It did not erroneously exercise its discretion in so doing.

## CONCLUSION

¶20 Based on our review of the record and the applicable legal standards, we conclude that the juvenile court did not err in finding prosecutive merit as to count one, nor did it erroneously exercise its discretion in concluding that waiver of its jurisdiction over T.G. is appropriate.

*By the Court*.—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

9